# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**BETH FALLON,**

       **Plaintiff,**

**vs.**                                 **CASE NO.:**

**JAMES REEDY, SUSAN REEDY, and AMICA MUTUAL INSURANCE COMPANY,**

       **Defendants.**

_____/

## DEFENDANT'S, AMICA MUTUAL INSURANCE COMPANY, NOTICE OF REMOVAL

To the Honorable Judges of the United States District Court for the Middle District of Florida, Tampa Division:

The Removing Defendant, **AMICA MUTUAL INSURANCE COMPANY** (hereinafter "Defendant"), by and through undersigned counsel, hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 & 1446, Fed. R. Civ. P. 81 and Middle District Local Rule 4.02, and hereby removes this State Court Action, which has been pending as Case No.: 2024-CA-001390, in the Circuit Court for the Twelfth Judicial Circuit, in and for Manatee County, Florida (hereinafter "Action") to the United States District Court for the Middle District of Florida, Tampa Division. In support of this Notice, Defendant states as follows:

### BACKGROUND

1. The Plaintiff, Beth Fallon (hereinafter "Plaintiff"), a resident of Hernando County, Florida, has filed a Complaint in the Circuit Court of the Twelfth

Judicial Circuit, in and for Manatee County, Florida; said Complaint stems from a motor vehicle accident that took place on or about April 18, 2024, in Manatee County, Florida.

2.     According to the Complaint, at the time of the subject motor vehicle accident, Defendant, Susan Reedy, was driving a motor vehicle owned by Defendant, James Reedy (collectively hereinafter "Co-Defendants").

3.     Plaintiff carried non-stacked uninsured/underinsured motorist insurance coverage with Defendant with applicable limits of Two Hundred Fifty Thousand Dollars and Zero Cents ($250,000.00) per person and Five Hundred Thousand Dollars and Zero Cents ($500,000.00) per accident under Amica Mutual Insurance Policy Number 9406093054 (hereinafter "Amica Policy").

4.     Plaintiff is a citizen of the State of Florida, Co-Defendant's are citizens of the State of Ohio, and Defendant is a citizen of the State of Rhode Island; accordingly, complete diversity of citizenship has been achieved, thereby satisfying the diversity requirement under 28 U.S.C. § 1332.

5.     Plaintiff seeks damages in excess of Seventh-Five Thousand Dollars and Zero Cents ($75,000.00); therefore, the amount in controversy requirement under 28 U.S.C. § 1332 is satisfied.

6.     Accordingly, the United States District Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1367.

<u>CITIZENSHIP</u>

7.     Plaintiff is a citizen of, and domiciled in, the State of Florida:

a. Plaintiff's Complaint in this action alleges, and Defendant's Answer admits, that Plaintiff is a resident of Hernando County, Florida. (*See* Composite Exhibit "A").

8. Defendant is a duly incorporated Rhode Island corporation and citizen of the State of Rhode Island:

a. Defendant is a Rhode Island corporation, bearing the State of Rhode Island Corporate Identification Number 00078291. (*See* Composite Exhibit "B").

b. According to the State of Rhode Island and Providence Plantations Office of the Secretary of State, Division of Business Services, the location of Defendant's principal office is P.O. Box 6008, Providence, Rhode Island, 02940. (Composite Exhibit "B").

c. According to the Florida Department of State, Division of Corporations, Defendant's Principal address is One Hundred Amica Way, Lincoln, Rhode Island 02865 (Composite Exhibit "B").

d. Pursuant to 28 U.S.C. § 1332(c)(1), Defendant's principal place of business is 100 Amica Way, Lincoln, Rhode Island 02865. (Composite Exhibit "B").

e. Defendant's company headquarters, where it's high-level officers direct, control, and coordinate the corporation's activities is 100

Amica Way, Lincoln, Rhode Island 02865. (Composite Exhibit "B").

  f.  Additionally, the Defendant's corporate office is located at 100 Amica Way, Lincoln, Rhode Island 02865. (Composite Exhibit "B").

9.  Co-Defendants, James Reedy and Susan Reedy, are citizens of, and domiciled in, the State of Ohio:

  a.  Plaintiff's Complaint in this action alleges, and Co-Defendants' Answer admits, that Co-Defendants are residents of Fairfield County, Ohio. (*See* Composite Exhibit "C").

10.  Accordingly, the diversity of citizenship requirement is satisfied under 28 U.S.C. § 1332.

## AMOUNT IN CONTROVERSY

11.  Generally, a removing defendant bears the burden of proving proper federal jurisdiction. Williams v. LM Gen. Ins. Co., 387 F. Supp. 3d 1366, 1368 (M.D. Fla. 2019). In determining the amount in controversy, the relevant question is whether the plaintiff seeks damages in excess of the jurisdictional limit and not whether the plaintiff will actually recover damages in excess of the jurisdictional limit. Id. at 1369. While a settlement offer by itself may not be determinative because some settlement offers reflect mere puffery and posturing, settlement offers that provide specific information to support a claim for damages suggests that the plaintiff is offering a reasonable assessment of the value of his claim are entitled to greater

weight. <u>Ronco v. State Farm Mut. Auto. Ins. Co.</u>, No: 3:14-cv-1238-J-JRK, 2015 WL 13567350, at *3 (M.D. Fla. Apr. 6, 2015).

12.     On August 22, 2024, Plaintiff filed Plaintiff's Complaint in the Circuit Court stating that "[t]his is an action for damages which exceeds the sum greater than One Hundred Thousand Dollars ($100,000)." (*See* Composite Exhibit "A"). Accordingly, the amount in controversy requirement is satisfied under 28 U.S.C. § 1332.

13.     On July 24, 2024, Plaintiff issued a Time Sensitive Demand to Defendant wherein Plaintiff made an underinsured motorist demand in the amount of Two Hundred Fifty Thousand Dollars and Zero Cents ($250,000.00), which are the limits of Plaintiff's non-stacked uninsured/underinsured motorist insurance coverage with Defendant under the Amica Policy. Therein, Plaintiff details her claimed injuries, photographs of her claimed injuries, medical treatment, diagnoses, and claimed damages including, but not limited to, a medical specials ledger which totals $117,150.18 in past medical expenses claimed by Plaintiff for her alleged injuries as a result of the subject accident. Thus, Plaintiff's Time Sensitive Demand

14.     Additionally, on September 16, 2024, Plaintiff filed a Civil Remedy Notice with the Florida Department of Financial Services stating that Defendant "insures Plaintiff with $250,000 uninsured motorist coverage" and "has refused to pay the policy or to make a meaningful settlement offer in her case."

15.     Accordingly, the amount in controversy requirement is satisfied for purposes of removal. Additional documentation in support of the amount in

controversy is available, including medical records and bills, should this Court require same. Notwithstanding, it is clear from the foregoing and other records in this case that the value sought by Plaintiff in this Action is well in excess of the amount in controversy threshold under 28 U.S.C. § 1332.

## Procedural Requirements

16. <u>Notice Given</u>: Pursuant to 28 U.S.C. § 1146(d), Defendant filed a Notice of Removal with the Clerk of the Circuit Court of the Twelfth Judicial Circuit, in and for Manatee County, Florida. (*See* Exhibit "D").

17. <u>Removal is Timely</u>: Under 28 U.S.C. 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." On August 26, 2024, Defendant was served a copy of the initial pleading setting forth the claim for relief upon which the Action is based: Plaintiff's Complaint. (Composite Exhibit "A"). Therefore, this Notice of Removal has been filed within 30 days after the receipt of the initial pleading and satisfies the requirements under 28 U.S.C. 1446(b).

18. <u>Pleadings in Process</u>: Under 28 U.S.C. § 1446(a), the Defendant is required to attach to this a notice "a copy of all process, pleadings, and orders served

upon them." The attached Composite Exhibit "E" contains all such process, pleadings, and orders served in this Action. (*See* Composite Exhibit "E").

19. <u>Consent</u>: Defendant consents to removal.

**WHEREFORE**, the Defendant, **AMICA MUTUAL INSURANCE COMPANY**, hereby removes this case from the Twelfth Judicial Circuit, in and for Manatee County, Florida, to this United States District Court, Tampa Division, and prays that this Court effectuate this removal for the reasons set forth herein.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed online using the Florida E-Filing Portal as mandated by Fla. R. J. Admin 2.516(b)(1) with copies being furnished to **Dena Sisk Foman, Esq., MᴄLᴀᴜɢʜʟɪɴ & Sᴛᴇʀɴ, PLLC** (dfoman@mclaughlinstern.com; tvoorhees@mclaughlinstern.com), and **Kenneth E. Amos, Jr. Esq., William C. Gula, Esq., and Erin K. Grossman, Esq., Vᴇʀɴɪs & Bᴏᴡʟɪɴɢ ᴏꜰ Sᴛ. Pᴇᴛᴇʀsʙᴜʀɢ, P.A.**, (STPFiling@Florida-Law.com), this 24th day of September, 2024.

**FITZSIMMONS, HEWITT, STRANZL & SPAID, P.A.**

*/s/ Nicolas E. Ferreiro, Esq.*

**NICOLAS E. FERREIRO, ESQ. (FBN: 1017986)**
4488 West Boy Scout Boulevard, Suite 200
Tampa, FL 33607
Telephone: (813) 221-0200
Fax: (813) 736-5435
Primary Service Email: nicolas@fhsslegal.com
Secondary Service Emails: camille@fhsslegal.com
*Attorneys for Defendant, Amica Mutual Insurance Company*

# COMPOSITE EXHIBIT "A"

IN THE CIRCUIT COURT OF THE 12th
JUDICIAL CIRCUIT, IN AND FOR
MANATEE COUNTY, FLORIDA

BETH FALLON,

        Plaintiff,

vs.

JAMES REEDY, SUSAN REEDY,  AND
AMICA MUTUAL INSURANCE COMPANY

        Defendants.

_____/

## **COMPLAINT**

Plaintiff, BETH FALLON, by and through her undersigned counsel, hereby sues the

Defendants, JAMES REEDY, SUSAN REEDY and AMICA MUTUAL INSURANCE

COMPANY for damages, and alleges as follows:

### **ALLEGATIONS COMMON TO ALL COUNTS**

1.     This is an action for damages which exceeds the sum greater than One Hundred

Thousand Dollars ($100,000.00).

2.     Plaintiff, BETH FALLON, is over the age of eighteen (18) years, a resident of

Hernando County, Florida.

3.     At all times material hereto JAMES REEDY, was a resident of Lancaster, Fairfield

County, Ohio.

4.     At all times material hereto SUSAN REEDY, was a resident of Lancaster, Fairfield

County, Ohio.

5.     On or about April 18, 2024, JAMES REEDY was the owner of the vehicle that crashed

into BETH FALLON.

6.    On or about April 18, 2024, SUSAN REEDY was the driver of the vehicle, owned by JAMES REEDY that crashed into BETH FALLON.

7.    AMICA MUTUAL INSURANCE COMPANY does business in Hernando County, Florida.

## COUNT I
## JAMES REEDY

8.    Plaintiffs, BETH FALLON, re-alleges and incorporates the above paragraphs 1- 7 as set forth herein.

9.    On or about April 18, 2024, JAMES REEDY, owned the vehicle and allowed SUSAN REEDY to drive said vehicle near 5602 Mariana Drive, Unit A, Holmes Beach, Manatee, County, Florida.

10.    As a direct and proximate result, Plaintiffs, BETH FALLON, was injured in and about her body, had pain and suffering, disability, disfigurement, impairment of working ability, mental anguish, loss of enjoyment of life and Plaintiffs incurred medical expenses in the care and treatment of said injuries, all of said injuries are permanent within a reasonable degree of medical probability.

WHEREFORE, Plaintiff, BETH FALLON, demands judgment for damages against Defendant, JAMES REEDY.

## COUNT II
## SUSAN REEDY

11.    Plaintiffs, BETH FALLON, re-alleges and incorporates the above paragraphs 1- 7 and 8 – 10 as set forth herein.

12. On or about April 18, 2024, SUSAN REEDY, operated a vehicle owned by JAMES REEDY, near 5602 Marina Drive, Unit A, Holmes Beach, Manatee County, Florida.

13. At the time and place aforementioned, SUSAN REEDY, so negligently operated and maintained the motor vehicle so as to cause it to come in contact and crashed with a BETH FALLON.

14. As a direct and proximate result, Plaintiffs, BETH FALLON, was injured in and about her body, had pain and suffering, disability, disfigurement, impairment of working ability, mental anguish, loss of enjoyment of life and Plaintiffs incurred medical expenses in the care and treatment of said injuries; all of said injuries are permanent within a reasonable degree of medical probability.

WHEREFORE, Plaintiffs, BETH FALLON, demands judgment for damages against the Defendant, SUSAN REEDY, and further demands trial by jury.

## COUNT III
## AMICA MUTUAL INSURANCE COMPANY

15. Plaintiff, BETH FALLON, re-alleges and incorporates paragraphs 1-7, 8-10 and 11-14 as set forth herein.

16. At all times material hereto, Defendant, AMICA MUTUAL INSURANCE COMPANY is an automobile insurer of the plaintiff, BETH FALLON, and insures her with uninsured motorist coverage for this accident. Defendant is in possession of said policy.

17. On or about April 18, 2024, Plaintiff, BETH FALLON, was seriously and permanently injured in an automobile collision in Manatee County, Florida which was caused by an underinsured/uninsured motorist.

18.     As a direct and proximate result of the conduct of the uninsured/underinsured motorist, Plaintiff, BETH FALLON, suffered bodily injury resulting in pain and suffering, disability, disfigurement, and loss of capacity for the enjoyment of life resulting in the loss of earnings, and the loss of ability to earn money presently and subsequently, with the expense of hospitalization, medical and/or nursing care and treatment and aggravation of a previously existing condition. The losses are either permanent in nature or continuing and the Plaintiff, BETH FALLON, will suffer losses in the future.

19.     The Plaintiff, BETH FALLON has requested Underinsured/Uninsured benefits pursuant to the policy of insurance with AMICA MUTUAL INSURANCE COMPANY

20.     AMICA MUTUAL INSURANCE COMPANY has refused the payment of said uninsured/underinsured benefits.

21.     All conditions precedent to the maintenance of this action have been satisfied.

        WHEREFORE, Plaintiff, BETH FALLON, demands judgment for damages against the Defendant, AMICA MUTUAL INSURANCE COMPANY and further demands trial by jury.

//SS//Dena Sisk Foman//SS//
**Dena Sisk Foman, Esquire**
**FBN: 518417**
**McLaughlin & Stern, PLLC**
**525 Okeechobee Blvd., Suite 1700**
**West Palm Beach, Fl 33401**
**T: 561 659 4020**
**F: 561 659 5399**
**Email: Dfoman@mclaughlinstern.com;**
**Tvoorhees@mclaughlinstern.com**

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR MANATEE COUNTY, FLORIDA
CIVIL DIVISION

BETH FALLON,

          **Plaintiff,**

vs.                          **CASE NO.: 2024-CA-001390**

JAMES REEDY, SUSAN REEDY,
and AMICA MUTUAL INSURANCE
COMPANY,

          **Defendants.**

_____/

### DEFENDANT'S, AMICA MUTUAL INSURANCE COMPANY, ANSWER, AFFIRMATIVE DEFENSES, AND DEMAND FOR JURY TRIAL

**COMES NOW** the Defendant, **AMICA MUTUAL INSURANCE COMPANY** (hereinafter "Defendant"), pursuant to Fla. R. Civ. P. 1.140, and hereby Answers the Plaintiff's, **BETH FALLON** (hereinafter "Plaintiff"), Complaint, respectively and as follows:

#### ALLEGATIONS COMMON TO ALL COUNTS

1. Admitted for jurisdictional purposes, only; all other inferences herein are denied.

2. Admitted upon information and belief.

3. Without knowledge and, therefore, denied.

4. Without knowledge and, therefore, denied.

5. Without knowledge and, therefore, denied

6. Without knowledge and, therefore, denied.

1

7.     Admitted.

COUNT I – JAMES REEDY

8.     Defendant reavers and incorporates by reference the answers set forth in paragraphs one (1) through seven (7) as though fully set forth herein.

9.     Said allegation is not directed to Defendant and, thus, no answer is required; to the extent that an answer is required, Defendant is without knowledge and, therefore, said allegation is denied.

10.     Said allegation is not directed to Defendant and, thus, no answer is required; to the extent that an answer is required, Defendant is without knowledge and, therefore, said allegation is denied.

COUNT II – SUSAN REEDY

11.     Defendant reavers and incorporates by reference the answers set forth in paragraphs one (1) through seven (7) and eight (8) through ten (10) as though fully set forth herein.

12.     Said allegation is not directed to Defendant and, thus, no answer is required; to the extent that an answer is required, Defendant is without knowledge and, therefore, said allegation is denied.

13.     Said allegation is not directed to Defendant and, thus, no answer is required; to the extent that an answer is required, Defendant is without knowledge and, therefore, said allegation is denied.

"2024CA001390AX" 206779043 Filed at Manatee County Clerk 09/12/2024 04:23:09 PM EDT

14. Said allegation is not directed to Defendant and, thus, no answer is required; to the extent that an answer is required, Defendant is without knowledge and, therefore, said allegation is denied.

<u>COUNT III – AMICA MUTUAL INSURANCE COMPANY</u>

15. Defendant reavers and incorporates by reference the answers set forth in paragraphs one (1) through seven (7), eight (8) through ten (10), and eleven (11) through fourteen (14) as though fully set forth herein.

16. Admitted that at all times material hereto, Defendant was an automobile insurer of Plaintiff and afforded Plaintiff uninsured/underinsured motorist liability limits pursuant to a policy of automobile insurance which is in Defendant's possession; all other inferences herein are denied.

17. Without knowledge and, therefore, denied.

18. Without knowledge and, therefore, denied.

19. Admitted that Plaintiff has demanded some or all of Plaintiff's uninsured/underinsured motorist liability limits pursuant to a policy of automobile insurance; all other inferenced herein are denied.

20. Denied as stated.

21. Without knowledge and, therefore, denied.

**AFFIRMATIVE DEFENSES**

<u>First Affirmative Defense</u>. Plaintiff is either comparatively liable or wholly liable for the incident described in the Plaintiff's Complaint. Accordingly, any

"2024CA001390AX" 206779043 Filed at Manatee County Clerk 09/12/2024 04:23:09 PM EDT

recovery shall be proportionately diminished or barred entirely pursuant to Fla. Stat. § 768.81.

Second Affirmative Defense. Any damages which may have been sustained by Plaintiff are the result of Plaintiff's own negligence in failing to use a seatbelt or other available safety restraint as required by Fla. Stat. § 316.614. Accordingly, any recovery shall be proportionately diminished or barred entirely pursuant to Fla. Stat. § 768.81.

Third Affirmative Defense. Any damages which may have been suffered by Plaintiff as a result of the incident described in Plaintiff's Complaint were caused by the negligent acts of non-parties who will be discovered throughout discovery. Accordingly, judgment against each party shall be entered on the basis of each such party's percentage of fault pursuant to Fla. Stat. § 768.81.

Fourth Affirmative Defense. Plaintiff is not entitled to damages for failing to mitigate Plaintiff's damages.

Fifth Affirmative Defense. Plaintiff is not entitled to damages for having not met the tort threshold for permanent injury.

Sixth Affirmative Defense. The treatment allegedly rendered to Plaintiff was not reasonable, necessary, or causally related to the incident described in Plaintiff's Complaint. Accordingly, any recovery shall be proportionately diminished or barred entirely.

"2024CA001390AX" 206779043 Filed at Manatee County Clerk 09/12/2024 04:23:09 PM EDT

Seventh Affirmative Defense. Defendant is not liable to Plaintiff, either in part or in whole, as any injuries that were allegedly sustained as a result of the incident described in Plaintiff's Complaint were pre-existing.

Eighth Affirmative Defense. To the extent that Plaintiff has settled with any other party or entity for damages allegedly sustained as a result of the incident described in Plaintiff's Complaint, Defendant is entitled to a "set-off" for said amounts.

Ninth Affirmative Defense. All medical expenses which Plaintiff may be entitled to recover are covered by collateral sources and, thus, are either reducible or not recoverable in this action. Accordingly, any recovery should be reduced by the total amounts which have been paid for Plaintiff's benefit or which are otherwise available to Plaintiff from collateral sources including, but not limited to, the extent of available insurance coverage, as well as benefits available through any guaranteed association or other governmental authority which are available to any party or entity which may be liable or otherwise responsible, either in part or in whole, for any damages allegedly sustained as a result of the incident described in Plaintiff's Complaint. *See* Fla. Stat. § 627.736; Fla. Stat. § 768.76; Goble v. Frohman, 901 So.2d 830 (Fla. 2005) (holding that it is appropriate to "set-off" against an award the amounts of reasonable and necessary bills or expenses that were "written-off" and are no longer due and owing).

5

Tenth Affirmative Defense. Defendant incorporates by reference and pleads all provisions of any contracts by and between the parties including, but not limited to, the Amica Mutual Insurance Company Policy Number 9406093054.

Eleventh Affirmative Defense. Plaintiff failed to complete the procedures required by Amica Mutual Insurance Company Policy Number 9406093054. Accordingly, Defendant incorporates by reference and pleads any and all defenses, policies, and procedures, as outlined in Amica Mutual Insurance Company Policy Number 9406093054.

Twelfth Affirmative Defense. Defendant incorporates by reference and pleads the applicability of Fla. Stat. § 627.727.

Thirteenth Affirmative Defense. Defendant incorporates by reference and pleads the applicability of Fla. Stat. § 624.1552.

Fourteenth Affirmative Defense. Defendant incorporates by reference and pleads the applicability of Fla. Stat. § 768.0427.

Fifteenth Affirmative Defense. Any recovery by Plaintiff is subject to the applicability of Fla. Stat. § 627.736 and Defendant is entitled to any "set-offs" pursuant to same.

Sixteenth Affirmative Defense. Plaintiff is estopped from re-litigating injuries and damages for which Plaintiff has been compensated by collateral sources, third parties, and/or the tortfeasor.

Reservation of Rights. Defendant reserves the right to raise additional affirmative defenses as same become known in accordance with Fla. R. Civ. P. 1.190.

"2024CA001390AX" 206779043 Filed at Manatee County Clerk 09/12/2024 04:23:09 PM EDT

## DEMAND FOR JURY TRIAL

Defendant hereby demands a jury trial of all issues so triable of right by a jury.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been filed online using the Florida E-Filing Portal as mandated by Fla. R. of J. Admin 2.516(b)(1) with copies being furnished to **Dena Sisk Foman, Esq., McLaughlin & Stern, PLLC** (dfoman@mclaughlinstern.com; tvoorhees@mclaughlinstern.com), this 12th day of September, 2024.

**FITZSIMMONS, HEWITT, STRANZL & SPAID, P.A.**

*/s/ Nicolas E. Ferreiro, Esq.*

**NICOLAS E. FERREIRO, ESQ. (FBN: 1017986)**
**JACOB R. MCMANAMON, ESQ. (FBN: 1039268)**
4488 West Boy Scout Boulevard, Suite 200
Tampa, FL 33607
Telephone: (813) 221-0200
Fax: (813) 736-5435
Primary Service Email: nicolas@fhsslegal.com
Secondary Service Emails: jacob@fhsslegal.com;
camille@fhsslegal.com
*Attorneys for Defendant, Amica Mutual Insurance Company*

7

# COMPOSITE EXHIBIT "B"

Rhode Island Department of State
**Gregg M. Amore**
Secretary of State

HOME      BUSINESS SERVICES      ELECTIONS      CIVICS AND EDUCATION

## Entity Summary

**ID Number: 000078291**                        [Request certificate]   [New search]

Summary for:  **AMICA MUTUAL INSURANCE COMPANY**

| | |
|---|---|
| The exact name of the Insurance:  AMICA MUTUAL INSURANCE COMPANY | |
| The fictitious name of: AMICA **was filed on** 12-15-1978 | |
| **Entity type:**  Insurance | |
| **Identification Number:** 000078291 | |
| **Date of Organization in Rhode Island:**  01-01-1907      **Effective Date:**  01-01-1907 | |

**The location of the Principal Office:**

Address:  P.O. BOX 6008

City or Town, State, Zip, Country:              PROVIDENCE,  RI  02940  USA

| **Agent Resigned:** N | **Address Maintained:** Y |
|---|---|

**The name and address of the Resident Agent:**

Name:

Address:

City or Town, State, Zip, Country:

**The Officers and Directors of the Corporation:**

| Title | Individual Name | Address |
|---|---|---|
| | | |

**Purpose:**

JAN SES 1907

**North American Industry Classification System Code(NAICS):**

**View filings for this business entity:**

ALL FILINGS
Articles of Association
Miscellaneous Filing (Fee Applicable)
Miscellaneous Filing (No Fee)

Click here to access 2006 and 2007 annual reports filed prior to July 25, 2007. The corporate ID is required.

[View filings]

[New search]

Business Services Division |      Rhode Island Department of State

# Our Company

With more than a century of business know-how to our name, Amica is the oldest mutual insurer of automobiles in the country. We also offer home, marine, personal umbrella liability and life insurance products. Our employees are the key to providing exceptional service to our loyal policyholders.

## The Amica Experience

### Built on trust

Protecting the most important parts of our customers' lives is a responsibility we take seriously. You can trust that we'll listen carefully to you, and provide sound advice and




## Award-winning customer service

Forging strong relationships with customers has been our top priority since 1907. Whether you prefer online self-service or speaking with one of our representatives, we'll be here when you need us, anytime day or night.

- First to 50 J.D. Power awards

- NerdWallet – 5 out of 5 stars for car insurance

## Over a century of financial stability

Since we're owned by our policyholders, we make decisions with them in mind. Our focus is on maintaining long-term financial stability so that we can be there when you need us. As an added benefit, selecting a dividend policy allows you to share in our financial success.

- Rated A+ by AM Best[1]

- Dividend policies return up to 20% of premiums

## A focus on community

We believe it's important to give back to our communities, and proudly support the work of hundreds of nonprofit organizations each year. You can feel good knowing you're part of this positive impact.

- Over $5 million donated in 2020





Our customers are our best ambassadors, and we're honored that so many pass on the Amica tradition to their loved ones. The greatest measure of our success is your satisfaction.

- One in three Amica customers has been insured with us for more than 20 years.

 Verified

**Great Service at a Reasonab...**

Amica provides us with exceptional service at a very reasonable price. On the few occ...

Rob, 11 minutes ago

 V

**Always great custon**

Always great customer knowledgable,and able questions on first try...

Gary Lapp, 12 hours ago

Rated **4.5** / 5 · <u>4,336 reviews</u>
Showing our 4 & 5 star reviews
★ Trustpilot

# Careers at Amica*

If you're a positive, high-energy team player, you'll fit right into our diverse workforce and supportive environment.

Be a part of something special

*Amica*



# It's All About Service

It's about service 24/7. It's about real service, not lip service.

Find out what makes Amica service special

# Learn More About Amica

Awards and Recognition
Company Facts and History
Diversity, Equity and Inclusion
Environmental, Social, Governance
Our Commitment to Ethics
Our Quality Service

Board of Directors
CEO Edmund Shallcross III
Charitable Grants
Corporate Social Responsibility
Mission Statement
Sponsorship





[1] A+ (Superior) is the second highest of 13 company ratings. Ratings range from A++ (Superior) to D (Poor). AM Best's ratings measure an insurer's financial strength.

\* Per the Transparency in Coverage Rule, the U.S. Departments of the Treasury, Labor, and Health and Human Services require health plan carriers to create and publish Machine Readable Files on behalf of Amica for negotiated payments by the health plan claims administrator. To view them, click here to access BCBS files (Amica's EIN is 050348344) and here to access UHC files (search for "Amica."). Members can view plan pricing information for specific services by clicking here to log in and access UHC and here to log in and access BCBS.



### 👤 Account

Billing      Policies      Claims      Profile

---

## Products

| | | | |
|---|---|---|---|
| 🚗 Auto | 🏠 Home | 👪 Life | 🏢 Condo |
| 🛋 Renters | 〰 Flood | ⚜ Retirement | ⚓ Marine |
| 🏍 Motorcycle | ☂ Umbrella | 🏬 Small Business | ⣿ All Products |

## About Us

About Us Overview

Annual Report

## Tools & Services

Amica Mobile App

Car Connection

*Amica*

Diversity, Equity and Inclusion

Licensing Information

Media Center

Our Commitment to Ethics

Sponsorships

---

**800-242-6422**

Site Map  |  Privacy and Security  |  Accessibility  |  Help  |  Contact Us

Copyright © 1998-2024 Amica, 100 Amica Way, Lincoln, RI 02865



# COMPOSITE EXHIBIT "C"

IN THE CIRCUIT COURT OF THE 12th
JUDICIAL CIRCUIT, IN AND FOR
MANATEE COUNTY, FLORIDA

BETH FALLON,

        Plaintiff,

vs.

JAMES REEDY, SUSAN REEDY,  AND
AMICA MUTUAL INSURANCE COMPANY

        Defendants.

_____/

## COMPLAINT

    Plaintiff, BETH FALLON, by and through her undersigned counsel, hereby sues the

Defendants, JAMES REEDY, SUSAN REEDY and AMICA MUTUAL INSURANCE

COMPANY for damages, and alleges as follows:

### ALLEGATIONS COMMON TO ALL COUNTS

1.     This is an action for damages which exceeds the sum greater than One Hundred

Thousand Dollars ($100,000.00).

2.     Plaintiff, BETH FALLON, is over the age of eighteen (18) years, a resident of

Hernando County, Florida.

3.     At all times material hereto JAMES REEDY, was a resident of Lancaster, Fairfield

County, Ohio.

4.     At all times material hereto SUSAN REEDY, was a resident of Lancaster, Fairfield

County, Ohio.

5.     On or about April 18, 2024, JAMES REEDY was the owner of the vehicle that crashed

into BETH FALLON.

6.     On or about April 18, 2024, SUSAN REEDY was the driver of the vehicle, owned by JAMES REEDY that crashed into BETH FALLON.

7.     AMICA MUTUAL INSURANCE COMPANY does business in Hernando County, Florida.

## COUNT I
## JAMES REEDY

8.     Plaintiffs, BETH FALLON, re-alleges and incorporates the above paragraphs 1- 7 as set forth herein.

9.     On or about April 18, 2024, JAMES REEDY, owned the vehicle and allowed SUSAN REEDY to drive said vehicle near 5602 Mariana Drive, Unit A, Holmes Beach, Manatee, County, Florida.

10.    As a direct and proximate result, Plaintiffs, BETH FALLON, was injured in and about her body, had pain and suffering, disability, disfigurement, impairment of working ability, mental anguish, loss of enjoyment of life and Plaintiffs incurred medical expenses in the care and treatment of said injuries, all of said injuries are permanent within a reasonable degree of medical probability.

       WHEREFORE, Plaintiff, BETH FALLON, demands judgment for damages against Defendant, JAMES REEDY.

## COUNT II
## SUSAN REEDY

11.    Plaintiffs, BETH FALLON, re-alleges and incorporates the above paragraphs 1- 7 and 8 – 10 as set forth herein.

12.     On or about April 18, 2024, SUSAN REEDY, operated a vehicle owned by JAMES REEDY, near 5602 Marina Drive, Unit A, Holmes Beach, Manatee County, Florida.

13.     At the time and place aforementioned, SUSAN REEDY, so negligently operated and maintained the motor vehicle so as to cause it to come in contact and crashed with a BETH FALLON.

14.     As a direct and proximate result, Plaintiffs, BETH FALLON, was injured in and about her body, had pain and suffering, disability, disfigurement, impairment of working ability, mental anguish, loss of enjoyment of life and Plaintiffs incurred medical expenses in the care and treatment of said injuries; all of said injuries are permanent within a reasonable degree of medical probability.

        WHEREFORE, Plaintiffs, BETH FALLON, demands judgment for damages against the Defendant, SUSAN REEDY, and further demands trial by jury.

## COUNT III
## AMICA MUTUAL INSURANCE COMPANY

15.     Plaintiff, BETH FALLON, re-alleges and incorporates paragraphs 1-7, 8-10 and 11-14 as set forth herein.

16.     At all times material hereto, Defendant, AMICA MUTUAL INSURANCE COMPANY is an automobile insurer of the plaintiff, BETH FALLON, and insures her with uninsured motorist coverage for this accident. Defendant is in possession of said policy.

17.     On or about April 18, 2024, Plaintiff, BETH FALLON, was seriously and permanently injured in an automobile collision in Manatee County, Florida which was caused by an underinsured/uninsured motorist.

18.     As a direct and proximate result of the conduct of the uninsured/underinsured motorist, Plaintiff, BETH FALLON, suffered bodily injury resulting in pain and suffering, disability, disfigurement, and loss of capacity for the enjoyment of life resulting in the loss of earnings, and the loss of ability to earn money presently and subsequently, with the expense of hospitalization, medical and/or nursing care and treatment and aggravation of a previously existing condition. The losses are either permanent in nature or continuing and the Plaintiff, BETH FALLON, will suffer losses in the future.

19.     The Plaintiff, BETH FALLON has requested Underinsured/Uninsured benefits pursuant to the policy of insurance with AMICA MUTUAL INSURANCE COMPANY

20.     AMICA MUTUAL INSURANCE COMPANY has refused the payment of said uninsured/underinsured benefits.

21.     All conditions precedent to the maintenance of this action have been satisfied.

        WHEREFORE, Plaintiff, BETH FALLON, demands judgment for damages against the Defendant, AMICA MUTUAL INSURANCE COMPANY and further demands trial by jury.

**//SS//Dena Sisk Foman//SS//**
**Dena Sisk Foman, Esquire**
**FBN: 518417**
**McLaughlin & Stern, PLLC**
**525 Okeechobee Blvd., Suite 1700**
**West Palm Beach, Fl 33401**
**T: 561 659 4020**
**F: 561 659 5399**
**Email: Dfoman@mclaughlinstern.com;**
**Tvoorhees@mclaughlinstern.com**

## IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
## IN AND FOR MANATEE COUNTY, FLORIDA
## CIRCUIT CIVIL DIVISION

BETH FALLON,

      Plaintiff,

Case No.:    2024-CA-001390

v.

SUSAN REEDY, JAMES REEDY and
AMICA MUTUAL INSURANCE
COMPANY,

      Defendants.

_____/

### DEFENDANTS', SUSAN REEDY'S AND JAMES REEDY'S, ANSWER, AFFIRMATIVE DEFENSES, AND DEMAND FOR JURY TRIAL

**COMES NOW** the Defendants, SUSAN REEDY and JAMES REEDY, by and through their undersigned counsel, hereby files this *Answer, Affirmative Defenses, and Demand for Jury Trial* in response to Plaintiff's *Complaint*, and states as follows:

### ALLEGATIONS COMMON TO ALL COUNTS

1.    Defendants admit for jurisdictional purposes that this is an action that purports on its face to meet the necessary amount in controversy for jurisdiction in this Court. Paragraph 1 is denied for any other reason or purpose.

2.    Without knowledge, therefore denied.

3.    Admitted.

4.    Admitted.

5.    Denied.

6.    Denied as worded.

7.    Without knowledge, therefore denied.

## COUNT I
## JAMES REEDY

8. The Defendant, JAMES REEDY, re-alleges his responses to paragraphs 1-7 as if fully stated herein.

9. Denied.

10. Denied.

**WHEREFORE** the Defendant, JAMES REEDY, prays this Honorable Court enter judgment in favor and against the Plaintiff, BETH FALLON, and award all costs incurred in the defense of this case and such other and further relief as this Court deems just and proper.

## COUNT II
## SUSAN REEDY

11. Defendant, SUSAN REEDY, realleges her responses to paragraphs 1-7 and 8-10 as if fully stated herein.

12. Denied as worded.

13. Denied.

14. Denied.

**WHEREFORE** the Defendant, SUSAN REEDY, prays this Honorable Court enter judgment in favor and against the Plaintiff, BETH FALLON, and award all costs incurred in the defense of this case and such other and further relief as this Court deems just and proper.

## COUNT III
## AMICA MUTUAL INSURANCE COMPANY

15-21. This Count is not directed at the Defendants, JAMES REEDY and SUSAN REEDY. To the extent that any of the allegations can be construed to the Defendants, JAMES REEDY and SUSAN REEDY, they are denied.

## AFFIRMATIVE DEFENSES

By way of separate and distinct *Affirmative Defenses* to Plaintiff's *Complaint*, Defendants, JAMES REEDY and SUSAN REEDY, state as follows:

### *First Affirmative Defense*

The Plaintiff's negligence contributed to the accident alleged in the *Complaint* and her damages, if any, should be reduced by her percentage of fault.

### *Second Affirmative Defense*

The Plaintiff has failed to mitigate her damages, if any, which have contributed to the alleged injuries.

### *Third Affirmative Defense*

Defendants are entitled to a set-off for any benefits that have been, or should have been, paid to the Plaintiff's alleged medical providers under personal injury protection coverage.

### *Fourth Affirmative Defense*

The parties' rights shall be controlled by a judgment, if any, entered in accordance with the requirements of Fla. Stat. § 768.31 (contribution among tortfeasors) and Fla. Stat. § 768.81 (comparative fault/joint and several liability) and therefore, Defendants assert all rights they may have under each Statute.

### *Fifth Affirmative Defense*

Defendants affirmatively allege that the Plaintiff's injuries are due to a superseding or supervening cause.

### *Sixth Affirmative Defense*

Defendants affirmatively allege that Plaintiff's alleged damages and injuries, if any, were proximately caused by the comparative fault of other joint tortfeasors regardless of whether those

joint tortfeasers are parties named in this action. Pursuant to Fla. Stat. § 768.81, Defendants are not liable for the comparative fault of these other joint tortfeasers.

### Seventh Affirmative Defense

Defendants allege that any award of damages obtained by the Plaintiff herein must be apportioned according to the relative responsibility of all parties, as well as other non-parties to the litigation for any damages awarded to the Plaintiff.

### Eighth Affirmative Defense

Defendants affirmatively alleges that the negligence causing the Plaintiff's injuries, if any, was the result of negligence practiced by third parties who are not before this Court. Accordingly, this defense and the Defendants are entitled to the benefits of the *Fabré/Messmer* doctrine in any verdict submitted to the jury.

### Ninth Affirmative Defense

Defendants are exempt from the damages alleged by the Plaintiff pursuant to Fla. Stat. § 627.737.

### Tenth Affirmative Defense

The damages alleged in the *Complaint* are barred or, in the alternative, are subject to reduction to the extent that such injuries and damages were compensated or are subject to compensation by "collateral sources" as that term is used in Fla. Stat. § 627.737(2) and §768.76.

### Eleventh Affirmative Defense

The Defendants affirmatively allege that the provisions of Fla. Stat. § 768.71-768.81 apply to this action, the provisions of which are incorporated herein by reference and the Defendants are entitled to the privileges, benefits, protections and limitations provided therein.

### *Twelfth Affirmative Defense*

The Defendants affirmatively allege that the provisions of Fla. Stat. § 627.730-627.7405 apply to this action, the provisions of which are incorporated herein by reference, and the Defendants are entitled to the privileges, benefits, protections and limitations provided therein.

### *Thirteenth Affirmative Defense*

The Defendants affirmatively allege that the provisions of Fla. Stat. § 768.0427 apply to this action, the provisions of which are incorporated herein by reference and the Defendants are entitled to the privileges, benefits, protections and limitations provided therein. The damages alleged in the *Complaint* are barred or, in the alternative, are subject to reduction to the extent that such damages are subject to Fla. Stat. § 768.0427.

### *Fourteenth Affirmative Defense*

Defendants affirmatively allege that Plaintiff's negligence contributed to the accident alleged in the *Complaint* and his damages, are barred pursuant to Fla. Stat. § 768.81. Further, Plaintiff is barred from recovery of any and all damages due to Plaintiff's own negligence.

## <u>RESERVATION OF RIGHTS</u>

Defendants hereby reserves their rights to add or detract from their *Affirmative Defenses* as discovery requires.

*[continued on following page]*

## DEMAND FOR JURY TRIAL

Defendants demand a trial by jury on all issues so triable as a matter of right before a jury.

## CERTIFICATE OF SERVICE

**I CERTIFY** that the foregoing document has been furnished by electronic transmission to all counsel of record via Florida Courts E-Filing Portal pursuant to Florida Supreme Court Administrative Order AOS13-49, this ⎡7ᵗʰ day of September 2024.

> **KENNETH E. AMOS, JR., ESQUIRE**
> Florida Bar No.: 717983
> **WILLIAM C. GULA, ESQUIRE**
> Florida Bar No.: 31048
> **ERIN K. GROSSMAN, ESQUIRE**
> Florida Bar No.: 1018104
> VERNIS & BOWLING OF ST. PETERSBURG, P.A.
> 696 1st Avenue N., 1st Floor
> St. Petersburg, Florida 33701
> Tel: (727) 443-3377
> Fax: (727) 443-6828
> STPFiling@Florida-Law.com
> *Attorneys for Defendants, James Reedy and Susan Reedy*

WCG/hw
5655-TBD
Document # 79

# EXHIBIT
# "D"

**IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR MANATEE COUNTY, FLORIDA
CIVIL DIVISION**

BETH FALLON,

               Plaintiff,

vs.                                 **CASE NO.:  2024-CA-001390**

JAMES REEDY, SUSAN REEDY,
and AMICA MUTUAL INSURANCE
COMPANY,

               Defendants.

_____/

**DEFENDANT'S, AMICA MUTUAL INSURANCE COMPANY,
NOTICE OF REMOVAL OF ACTION FROM STATE COURT**

      **COMES NOW** the Defendant, AMICA MUTUAL INSURANCE COMPANY,

(hereinafter "Removing Defendant"), by and through undersigned counsel, and

hereby gives notice that Removing Defendant has prepared and is filing a Notice of

Removal of this action to the United States District Court for the Middle District of

Florida, Tampa Division, pursuant to 28 U.S.C. §1332.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been filed online using the Florida E-Filing Portal as mandated by Fla. R. J. Admin 2.516(b)(1) with copies being furnished to **Dena Sisk Foman, Esq., McLaughlin & Stern, PLLC** (dfoman@mclaughlinstern.com; tvoorhees@mclaughlinstern.com), and **Kenneth E. Amos, Jr. Esq., William C. Gula, Esq., and Erin K. Grossman, Esq., Vernis & Bowling of St. Petersburg, P.A.**, (STPFiling@Florida-Law.com), this 24th day of September, 2024.

**FITZSIMMONS, HEWITT, STRANZL & SPAID, P.A.**

/s/ *Nicolas E. Ferreiro, Esq.*

**NICOLAS E. FERREIRO, ESQ. (FBN: 1017986)**
**JACOB R. MCMANAMON, ESQ. (FBN: 1039268)**
4488 West Boy Scout Boulevard, Suite 200
Tampa, FL 33607
Telephone: (813) 221-0200
Fax: (813) 736-5435
Primary Service Email: nicolas@fhsslegal.com
Secondary Service Emails: jacob@fhsslegal.com; camille@fhsslegal.com
*Attorneys for Defendant, Amica Mutual Insurance Company*

# COMPOSITE EXHIBIT "E"

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

### I.   CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>TWELFTH</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>MANATEE</u>  COUNTY, FLORIDA

<u>BETH FALLON</u>
Plaintiff

vs.

Case # _____

Judge _____

<u>JAMES REEDY, SUSAN REEDY, AMICA MUTUAL INSURANCE COMPANY</u>
Defendant

---

### II.   AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

### III.   TYPE OF CASE     (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

# CIRCUIT CIVIL

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☒ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

# COUNTY CIVIL

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

"2024CA001390AX" 205359026 Filed at Manatee County Clerk 08/22/2024 02:54:46 PM EDT

□ Replevins
□ Evictions
    □ Residential Evictions
    □ Non-residential Evictions
□ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes □ No ☒

**IV.**    **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
❑ Nonmonetary declaratory or injunctive relief;
❑ Punitive

**V.**    **NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

    <u>3</u>

**VI.**    **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ❑ yes
    ☒ no

**VII.**    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ❑ yes If "yes," list all related cases by name, case number, and court.

**VIII.**    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ❑ no

**IX.**    **DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ❑ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ DENA SISK FOMAN</u>        Fla. Bar # <u>518417</u>
        Attorney or party                  (Bar # if attorney)

<u>DENA SISK FOMAN</u>             <u>08/22/2024</u>
(type or print name)           Date

"2024CA001390AX" 205359026 Filed at Manatee County Clerk 08/22/2024 02:54:46 PM EDT

IN THE CIRCUIT COURT OF THE 12th
JUDICIAL CIRCUIT, IN AND FOR
MANATEE COUNTY, FLORIDA

BETH FALLON,

          Plaintiff,

vs.

JAMES REEDY, SUSAN REEDY, AND
AMICA MUTUAL INSURANCE COMPANY

          Defendants.

_____/

## COMPLAINT

    Plaintiff, BETH FALLON, by and through her undersigned counsel, hereby sues the

Defendants, JAMES REEDY, SUSAN REEDY and AMICA MUTUAL INSURANCE

COMPANY for damages, and alleges as follows:

### ALLEGATIONS COMMON TO ALL COUNTS

1.     This is an action for damages which exceeds the sum greater than One Hundred

Thousand Dollars ($100,000.00).

2.     Plaintiff, BETH FALLON, is over the age of eighteen (18) years, a resident of

Hernando County, Florida.

3.     At all times material hereto JAMES REEDY, was a resident of Lancaster, Fairfield

County, Ohio.

4.     At all times material hereto SUSAN REEDY, was a resident of Lancaster, Fairfield

County, Ohio.

5.     On or about April 18, 2024, JAMES REEDY was the owner of the vehicle that crashed

into BETH FALLON.

6.      On or about April 18, 2024, SUSAN REEDY was the driver of the vehicle, owned by JAMES REEDY that crashed into BETH FALLON.

7.      AMICA MUTUAL INSURANCE COMPANY does business in Hernando County, Florida.

**COUNT I**
**JAMES REEDY**

8.      Plaintiffs, BETH FALLON, re-alleges and incorporates the above paragraphs 1- 7 as set forth herein.

9.      On or about April 18, 2024, JAMES REEDY, owned the vehicle and allowed SUSAN REEDY to drive said vehicle near 5602 Mariana Drive, Unit A, Holmes Beach, Manatee, County, Florida.

10.     As a direct and proximate result, Plaintiffs, BETH FALLON, was injured in and about her body, had pain and suffering, disability, disfigurement, impairment of working ability, mental anguish, loss of enjoyment of life and Plaintiffs incurred medical expenses in the care and treatment of said injuries, all of said injuries are permanent within a reasonable degree of medical probability.

WHEREFORE, Plaintiff, BETH FALLON, demands judgment for damages against Defendant, JAMES REEDY.

**COUNT II**
**SUSAN REEDY**

11.     Plaintiffs, BETH FALLON, re-alleges and incorporates the above paragraphs 1- 7 and 8 – 10 as set forth herein.

12.     On or about April 18, 2024, SUSAN REEDY, operated a vehicle owned by JAMES REEDY, near 5602 Marina Drive, Unit A, Holmes Beach, Manatee County, Florida.

13.     At the time and place aforementioned, SUSAN REEDY, so negligently operated and maintained the motor vehicle so as to cause it to come in contact and crashed with a BETH FALLON.

14.     As a direct and proximate result, Plaintiffs, BETH FALLON, was injured in and about her body, had pain and suffering, disability, disfigurement, impairment of working ability, mental anguish, loss of enjoyment of life and Plaintiffs incurred medical expenses in the care and treatment of said injuries; all of said injuries are permanent within a reasonable degree of medical probability.

WHEREFORE, Plaintiffs, BETH FALLON, demands judgment for damages against the Defendant, SUSAN REEDY, and further demands trial by jury.

## COUNT III
## AMICA MUTUAL INSURANCE COMPANY

15.     Plaintiff, BETH FALLON, re-alleges and incorporates paragraphs 1-7, 8-10 and 11-14 as set forth herein.

16.     At all times material hereto, Defendant, AMICA MUTUAL INSURANCE COMPANY is an automobile insurer of the plaintiff, BETH FALLON, and insures her with uninsured motorist coverage for this accident. Defendant is in possession of said policy.

17.     On or about April 18, 2024, Plaintiff, BETH FALLON, was seriously and permanently injured in an automobile collision in Manatee County, Florida which was caused by an underinsured/uninsured motorist.

18.     As a direct and proximate result of the conduct of the uninsured/underinsured motorist, Plaintiff, BETH FALLON, suffered bodily injury resulting in pain and suffering, disability, disfigurement, and loss of capacity for the enjoyment of life resulting in the loss of earnings, and the loss of ability to earn money presently and subsequently, with the expense of hospitalization, medical and/or nursing care and treatment and aggravation of a previously existing condition. The losses are either permanent in nature or continuing and the Plaintiff, BETH FALLON, will suffer losses in the future.

19.     The Plaintiff, BETH FALLON has requested Underinsured/Uninsured benefits pursuant to the policy of insurance with AMICA MUTUAL INSURANCE COMPANY

20.     AMICA MUTUAL INSURANCE COMPANY has refused the payment of said uninsured/underinsured benefits.

21.     All conditions precedent to the maintenance of this action have been satisfied.

WHEREFORE, Plaintiff, BETH FALLON, demands judgment for damages against the Defendant, AMICA MUTUAL INSURANCE COMPANY and further demands trial by jury.

//SS//Dena Sisk Foman//SS//
**Dena Sisk Foman, Esquire**
**FBN: 518417**
**McLaughlin & Stern, PLLC**
**525 Okeechobee Blvd., Suite 1700**
**West Palm Beach, Fl 33401**
**T: 561 659 4020**
**F: 561 659 5399**
**Email: Dfoman@mclaughlinstern.com;**
**Tvoorhees@mclaughlinstern.com**

IN THE CIRCUIT COURT OF THE 12th
JUDICIAL CIRCUIT, IN AND FOR
MANATEE COUNTY, FLORIDA

BETH FALLON,                                    CASE #: 2024 CA 1390

        Plaintiff,

vs.

JAMES REEDY, SUSAN REEDY AND
AMICA MUTUAL INSURANCE COMPANY

        Defendants.

_____/

## SUMMONS - CIVIL CASE-

THE STATE OF FLORIDA:

        YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the subject attached complaint in this action on:

**JAMES REEDY**
**1340 Epworth Forest Drive**
**Lancaster, Ohio 43130**

        The Defendant JAMES REEDY is required to serve written defenses to the subject attached motion on the Plaintiff's attorney, whose name and address are:

**Dena Sisk Foman, Esq.**
**McLaughlin and Stern, PLLC**
**525 Okeechobee Blvd., Ste. 1700**
**West Palm Beach, Florida 33401**
**561-659-4020**
**Fax: 561-659-4438**

dfoman@mclaughlinstern.com

within twenty (20) days after the service of this Summons on JAMES REEDY exclusive of the day of service, and to file the original of the written defenses with the Clerk of said

Court at P.O. Box 25400, Bradenton, FL 34206 either before service on the Plaintiff's attorney or immediately thereafter. If the Defendant fails to do so, a default will be entered against the Defendant for the relief demanded in the subject attached motion.

Dated: 8/23/2024

ANGELINA M. COLONNESO



Deputy Clerk

Clerk of the Circuit Court

If you cannot afford an attorney, contact Gulfcoast Legal Services at (941) 746-6151 or www.gulfcoastlegal.org, or Legal Aid of Manasota at (941) 366-0038. If you do not qualify for free legal assistance or do not know an attorney, you may call an attorney referral service (listed in the phone book), or contact the Florida Bar Lawyer Referral Service at (800) 342-8011 or http://www.floridabar.orgidivpmitronline.nsrwrefent16?

DISABILITY CLAUSE

Notice: If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Manatee County Jury Office, P.O. Box 25400, Bradenton, Florida 34206. (941) 741-4062, at least (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711.

LANGUAGE CLAUSE

The Twelfth Judicial Circuit provides spoken language court interpreters to limited-English-proficient persons in accordance with Title VI of the Civil Rights Act of 1964, Section 90.606, Florida Statutes, and Rule 2.560, Florida Rules of Judicial Administration. If you require assistance of an interpreter, please submit your

request to

http://www.jud12.flcourts.org/Home/Public/InterpreterRequestForm.aspx or
please call 941-749-3659. Please submit your request as early as possible, requests made with less than 5
business days' notice may not be accommodated.

El Duodecimo Circuito Judicial prove interpretes judiciales de la lengua hablada a personas con
dominio limitado del ingles de acuerdo con el Titulo VI de la Ley de Derechos Civiles de 1964, la
seccion 90.606, los Estatutos de la Florida y la Regla 2.560 de las Reglas de Administracion Judicial
de la Florida. Se require la ayuda de un interprete, por favor envie su solicitud a
http://www.jud12.flcourts.org/Home/Public/InterpreterRequestForm.aspx o llame al 941-749-3659.
Por favor, envie su solicitud lo antes posible, las solicitudes hechas con memos de 5 dias habiles no
pueden ser garantizadas.

"2024CA001390AX" 205359026 Filed at Manatee County Clerk 08/22/2024 02:54:46 PM EDT

IN THE CIRCUIT COURT OF THE 12th
JUDICIAL CIRCUIT, IN AND FOR
MANATEE COUNTY, FLORIDA

BETH FALLON,                                        CASE # 2024 CA 1390

            Plaintiff,

vs.

JAMES REEDY, SUSAN REEDY AND
AMICA MUTUAL INSURANCE COMPANY

            Defendants.

_____/


<u>SUMMONS - CIVIL CASE-</u>


THE STATE OF FLORIDA:

        YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the subject
attached complaint in this action on:


**SUSAN REEDY**
**1340 Epworth Forest Drive**
**Lancaster, Ohio 43130**


        The Defendant SUSAN REEDY is required to serve written defenses to the subject
attached motion on the Plaintiff's attorney, whose name and address are:


**Dena Sisk Foman, Esq.**
**McLaughlin and Stern, PLLC**
**525 Okeechobee Blvd., Ste. 1700**
**West Palm Beach, Florida 33401**
**561-659-4020**
**Fax: 561-659-4438**


dfoman@mclaughlinstern.com


within twenty (20) days after the service of this Summons on SUSAN REEDY, exclusive of
the day of service, and to file the original of the written defenses with the Clerk of said

Court at P.O. Box 25400, Bradenton, FL 34206 either before service on the Plaintiff's attorney or immediately thereafter. If the Defendant fails to do so, a default will be entered against the Defendant for the relief demanded in the subject attached motion.

Dated: 8/23/2024

ANGELINA M. COLONNESO



Deputy Clerk

Clerk of the Circuit Court

If you cannot afford an attorney, contact Gulfcoast Legal Services at (941) 746-6151 or www.gulfcoastlegal.org, or Legal Aid of Manasota at (941) 366-0038. If you do not qualify for free legal assistance or do not know an attorney, you may call an attorney referral service (listed in the phone book), or contact the Florida Bar Lawyer Referral Service at (800) 342-8011 or http://www.floridabar.orgidivpmitronline.nsrwrefent16?

DISABILITY CLAUSE

Notice: If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Manatee County Jury Office, P.O. Box 25400, Bradenton, Florida 34206. (941) 741-4062, at least (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711.

LANGUAGE CLAUSE

The Twelfth Judicial Circuit provides spoken language court interpreters to limited-English-proficient persons in accordance with Title VI of the Civil Rights Act of 1964, Section 90.606, Florida Statutes, and Rule 2.560, Florida Rules of Judicial Administration. If you require assistance of an interpreter, please submit your

request to

http://www.jud12.flcourts.org/Home/Public/InterpreterRequestForm.aspx or
please call 941-749-3659. Please submit your request as early as possible, requests made with less than 5
business days' notice may not be accommodated.

El Duodecimo Circuito Judicial prove interpretes judiciales de la lengua hablada a personas con
dominio limitado del ingles de acuerdo con el Titulo VI de la Ley de Derechos Civiles de 1964, la
seccion 90.606, los Estatutos de la Florida y la Regla 2.560 de las Reglas de Administracion Judicial
de la Florida. Se require la ayuda de un interprete, por favor envie su solicitud a
http://www.jud12.flcourts.org/Home/Public/InterpreterRequestForm.aspx o llame al 941-749-3659.
Por favor, envie su solicitud lo antes posible, las solicitudes hechas con memos de 5 dias habiles no
pueden ser garantizadas.

IN THE CIRCUIT COURT OF THE 12th
JUDICIAL CIRCUIT, IN AND FOR
MANATEE COUNTY, FLORIDA

BETH FALLON,                                        CASE # 2024 CA 1390

          Plaintiff,

vs.

JAMES REEDY, SUSAN REEDY AND
AMICA MUTUAL INSURANCE COMPANY

      Defendants.

_____/

<u>SUMMONS - CIVIL CASE-</u>

THE STATE OF FLORIDA:

     YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the subject
attached complaint in this action on:

**AMICA MUTUAL INSURANCE COMPANY**
**C/O CHIEF FINANCIAL OFFICER, REGISTERED AGENT**
**200 E. GAINES STREET**
**TALLAHASSEE, FLORIDA 32399-0000**

    The Defendant AMICA MUTUAL INSURANCE COMPANY is required to serve
written defenses to the subject attached motion on the Plaintiff's attorney, whose name and
address are:

**Dena Sisk Foman, Esq.**
**McLaughlin and Stern, PLLC**
**525 Okeechobee Blvd., Ste. 1700**
**West Palm Beach, Florida 33401**
**561-659-4020**
**Fax: 561-659-4438**

<u>dfoman@mclaughlinstern.com</u>

within twenty (20) days after the service of this Summons on AMICA MUTUAL INSURANCE COMPANY, exclusive of the day of service, and to file the original of the written defenses with the Clerk of said Court at P.O. Box 25400, Bradenton, FL 34206 either before service on the Plaintiff's attorney or immediately thereafter. If the Defendant fails to do so, a default will be entered against the Defendant for the relief demanded in the subject attached motion.



Deputy Clerk

Dated: 8/23/2024

ANGELINA M. COLONNESO
Clerk of the Circuit Court

If you cannot afford an attorney, contact Gulfcoast Legal Services at (941) 746-6151 or www.gulfcoastlegal.org, or Legal Aid of Manasota at (941) 366-0038. If you do not qualify for free legal assistance or do not know an attorney, you may call an attorney referral service (listed in the phone book), or contact the Florida Bar Lawyer Referral Service at (800) 342-8011 or http://www.floridabar.orgidivpmitronline.nsrwrefent16?

DISABILITY CLAUSE

Notice: If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Manatee County Jury Office, P.O. Box 25400, Bradenton, Florida 34206. (941) 741-4062, at least (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711.

LANGUAGE CLAUSE

The Twelfth Judicial Circuit provides spoken language court interpreters to limited-English-proficient persons in accordance with Title VI of the Civil Rights Act of 1964, Section 90.606, Florida Statutes,

and Rule 2.560, Florida Rules of Judicial Administration. If you require assistance of an interpreter, please submit your

request to
http://www.jud12.flcourts.org/Home/Public/InterpreterRequestForm.aspx or
please call 941-749-3659. Please submit your request as early as possible, requests made with less than 5 business days' notice may not be accommodated.

El Duodecimo Circuito Judicial prove interpretes judiciales de la lengua hablada a personas con dominio limitado del ingles de acuerdo con el Titulo VI de la Ley de Derechos Civiles de 1964, la seccion 90.606, los Estatutos de la Florida y la Regla 2.560 de las Reglas de Administracion Judicial de la Florida. Se require la ayuda de un interprete, por favor envie su solicitud a
http://www.jud12.flcourts.org/Home/Public/InterpreterRequestForm.aspx o llame al 941-749-3659. Por favor, envie su solicitud lo antes posible, las solicitudes hechas con memos de 5 dias habiles no pueden ser garantizadas.

## RETURN OF SERVICE

| State of Florida | County of Manatee | 12th Judicial Court |
|---|---|---|

Case Number: 2024 CA 1390

Plaintiff:
**BETH FALLON**

vs.

Defendant:
**JAMES REEDY, SUSAN REEDY AND AMICA MUTUAL INSURANCE COMPANY**

For:
Dena Sisk Foman, Esq.,
McLaughlin & Stern, LLP
525 Okeechobee Blvd
Ste 1700
West Palm Beach, FL 33401

ROC2024007412

Received by Rock Legal Services & Investigations Inc on the 26th day of August, 2024 at 10:39 am to be served on **AMICA MUTUAL INSURANCE COMPANY c/o Chief Financial Officer, 200 E. GAINES STREET, TALLAHASSEE, FL 32399-0000.**

I, Denise Rock, do hereby affirm that on the **26th day of August, 2024** at **11:01 am, I:**

served by electronically submitting a true copy of the **Summons, Complaint and Department of Financial Services Fee in the amount of $15.00** with the date and hour of service endorsed thereon by me, to: **JIMMY PATRONIS** who is the Registered Agent for **AMICA MUTUAL INSURANCE COMPANY** at the address of **200 E. GAINES STREET, TALLAHASSEE, FL 32399-0000**, and informed said person of the contents therein, in compliance with Federal Rules of Civil Procedure, Florida Statute 48.081 or other state statute as applicable.

Under penalties of perjury, I swear or affirm, pursuant to Fla. Stat. § 92.525 that I have read the foregoing and the facts s tated there are true. I am over the age of 18, have no interest in the above action, and am a Certified Process Server in good standing in the county in which service was made.

**Denise Rock**
Process Server ID#289

**Rock Legal Services & Investigations Inc**
**500 South Australian Ave.**
**Suite 606**
**West Palm Beach, FL 33401**
**(561) 296-7574**

Our Job Serial Number: ROC-2024007412
Ref: 2024CA001390AX

Copyright © 1992-2024 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0a

## IN THE CIRCUIT COURT OF THE MANATEE JUDICIAL CIRCUIT
## IN AND FOR TWELFTH COUNTY, FLORIDA
## CIVIL DIVISION

**BETH FALLON**

        **Plaintiff,**

**vs.**

**JAMES REEDY, SUSAN REEDY,**
**and AMICA MUTUAL INSURANCE**
**COMPANY,**

        **Defendants.**

_____/

**CASE NO.: 2024-CA-1390**

## DEFENDANT'S, AMICA MUTUAL INSURANCE COMPANY, NOTICE OF APPEARANCE

    **COMES NOW**, the Law Firm of **FITZSIMMONS, HEWITT, STRANZL &**

**SPAID, P.A.** (hereinafter "Law Firm"), pursuant to Fla. R. Gen. Prac. & Jud.

Admin. 2.505, and hereby files this Notice of Appearance as counsel for Defendant,

**AMICA MUTUAL INSURANCE COMPANY** (hereinafter "Defendant"), and

requests that any and all future pleadings, motions, filings, and correspondence be

directed to the Law Firm.

1

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been filed online using the Florida E-Filing Portal as mandated by Fla. R. of J. Admin 2.516(b)(1) with copies being furnished to **Dena Sisk Foman, Esq., McLAUGHLIN & STERN, PLLC** (dfoman@mclaughlinstern.com; tvoorhees@mclaughlinstern.com), this 29th day of August, 2024.

**FITZSIMMONS, HEWITT, STRANZL & SPAID, P.A.**

*/s/ Jacob R. McManamon, Esq.*

**NICOLAS E. FERREIRO, ESQ. (FBN: 1017986)**
**JACOB R. MCMANAMON, ESQ. (FBN: 1039268)**
4488 West Boy Scout Boulevard, Suite 200
Tampa, FL 33607
Telephone: (813) 221-0200
Fax: (813) 736-5435
Primary Service Email: nicolas@fhsslegal.com
Secondary Service Emails: jacob@fhsslegal.com;
camille@fhsslegal.com
*Attorneys for Defendant Amica Mutual Insurance Company*

2

**IN THE CIRCUIT COURT OF THE MANATEE JUDICIAL CIRCUIT
IN AND FOR TWELFTH COUNTY, FLORIDA
CIVIL DIVISION**

**BETH FALLON**

        **Plaintiff,**

**vs.**

**JAMES REEDY, SUSAN REEDY,
and AMICA MUTUAL INSURANCE
COMPANY,**

        **Defendants.**

_____/

**CASE NO.: 2024-CA-1390**

## DEFENDANT'S, AMICA MUTUAL INSURANCE COMPANY, NOTICE OF DESIGNATION OF ELECTRONIC MAIL ADDRESSES

**COMES NOW**, the Defendant, **AMICA MUTUAL INSURANCE COMPANY** (hereinafter "Defendant"), by and through undersigned counsel, pursuant to Fla. R. Gen. Prac. & Jud. Admin. 2.516(b)(1)(A), and hereby designates undersigned counsel's primary and secondary electronic mail addresses for service in this matter as follows:

    **Primary Service Email:**      nicolas@fhsslegal.com

    **Secondary Service Email(s):**   jacob@fhsslegal.com

                            camille@fhsslegal.com

1

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been filed online using the Florida E-Filing Portal as mandated by Fla. R. of J. Admin 2.516(b)(1) with copies being furnished to **Dena Sisk Foman, Esq., McLaughlin & Stern, PLLC** (dfoman@mclaughlinstern.com; tvoorhees@mclaughlinstern.com), this 28th day of August, 2024.

**FITZSIMMONS, HEWITT, STRANZL & SPAID, P.A.**

*/s/ Jacob R. McManamon, Esq.*

**NICOLAS E. FERREIRO, ESQ. (FBN: 1017986)**
**JACOB R. MCMANAMON, ESQ. (FBN: 1039268)**
4488 West Boy Scout Boulevard, Suite 200
Tampa, FL 33607
Telephone: (813) 221-0200
Fax: (813) 736-5435
Primary Service Email: nicolas@fhsslegal.com
Secondary Service Emails: jacob@fhsslegal.com;
camille@fhsslegal.com
*Attorneys for Defendant Amica Mutual Insurance Company*

2

## AFFIDAVIT OF SERVICE

**State of Florida**          **County of Manatee**                    **12th Judicial Court**

Case Number: 2024 CA 1390

Plaintiff: **BETH FALLON**
vs.
Defendant: **JAMES REEDY, SUSAN REEDY AND AMICA MUTUAL INSURANCE COMPANY**

ROC2024007414

For: Dena Sisk Foman, Esq.,
   McLaughlin & Stern, LLP

Received by Rock Legal Services & Investigations Inc on the 23rd day of August, 2024 at 3:19 pm to be served on James Reedy, 1340 Epworth Forest Dr., Lancaster, OH 43130. I, _John Clorelar___, being duly sworn, depose and say that on the _28th_ day of _August_, 20_24_ at _6:04_ p.m. executed service by delivering a true copy of the **Summons and Complaint** in accordance with state statutes in the manner marked below:

(✓)INDIVIDUAL SERVICE/(_)SUBSTITUTE SERVICE by serving _____ as _____ /co-resident, who stated they resided together. I informed the person served of the contents therein.

MILITARY STATUS:  Based upon inquiry of party served, Defendant is_____/is not____ in the military.

MARITAL STATUS:  Based upon inquiry of party served, Defendant is____/is not_____ married.

(_) NON SERVICE: For the reason detailed in the Comments below.

Under penalties of perjury, I declare that I have read the foregoing and that the facts stated in it are true.

COMMENTS:_____
_____
_____
_____

Age _60_ Sex(M)F  Race _WHITE_ Height _5-8_ Weight _200_ Hair _GRAY_ Glasses Y (N)

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

State of _Ohio_
County of _Franklin_
Subscribed and Sworn to before me on the _2nd_
day of _August_, _2024_ by the affiant who
is (_) personally known to me or (_) produced
appropriate identification.

_____
NOTARY PUBLIC

_Jeff Cremeans_
Print name

PROCESS SERVER # ___N/A___
Appointed in accordance with State Statutes

**Rock Legal Services & Investigations Inc**
**500 South Australian Ave.**
**Suite 606**
**West Palm Beach, FL 33401**
**(561) 296-7574**

Our Job Serial Number: 2024007414
Ref: 2024CA001390AX

Copyright © 1992-2024 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0a

(Notary seal: JEFFREY A CREMEANS, NOTARY PUBLIC, MY COMM. EXP. 08-14-2029, STATE OF OHIO)

## AFFIDAVIT OF SERVICE

**State of Florida**      **County of Manatee**      **12th Judicial Court**

Case Number: 2024 CA 1390

Plaintiff: **BETH FALLON**
vs.
Defendant: **JAMES REEDY, SUSAN REEDY AND AMICA MUTUAL INSURANCE COMPANY**

ROC2024007413

For: Dena Sisk Foman, Esq.,
     McLaughlin & Stern, LLP

Received by Rock Legal Services & Investigations Inc on the 23rd day of August, 2024 at 3:19 pm to be served on Susan Reedy, 1340 Epworth Forest Dr., Lancaster, OH 43130. I, _John Cubrevm_, being duly sworn, depose and say that on the _28th_ day of _August_, 20_24_ at _6:04_ .m., executed service by delivering a true copy of the **Summons and Complaint** in accordance with state statutes in the manner marked below:

( )INDIVIDUAL SERVICE/( )SUBSTITUTE SERVICE by serving _James Reedy_ as _Husband_ /co-resident, who stated they resided together. I informed the person served of the contents therein.

MILITARY STATUS: Based upon inquiry of party served, Defendant is_____/is not __✓__ in the military.

MARITAL STATUS: Based upon inquiry of party served, Defendant is _✓_/is not_____ married.

(__) NON SERVICE: For the reason detailed in the Comments below.

Under penalties of perjury, I declare that I have read the foregoing and that the facts stated in it are true.

COMMENTS:_____
_____
_____

Age _60_ Sex (M)/F Race _White_ Height _5-8_ Weight _200_ Hair _Gray_ Glasses Y/(N)

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

State of _Ohio_
County of _Franklin_
Subscribed and Sworn to before me on the _29th_
day of _August, 2024_ by the affiant who
is (__) personally known to me or (__) produced
appropriate identification.

_____
NOTARY PUBLIC

_Jeff Cremeans_
Print name

_____
PROCESS SERVER # _N/A_
Appointed in accordance with State Statutes

**Rock Legal Services & Investigations Inc**
**500 South Australian Ave.**
**Suite 606**
**West Palm Beach, FL 33401**
**(561) 296-7574**

Our Job Serial Number: 2024007413
Ref: 2024CA001390AX

JEFFREY A CREMEANS
NOTARY PUBLIC
MY COMM. EXP. 06-14-2029
STATE OF OHIO

Copyright © 1992-2024 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0a

IN THE CIRCUIT COURT OF THE 12th
JUDICIAL CIRCUIT, IN AND FOR
MANATEE COUNTY, FLORIDA

CASE NO: 2024 CA 1390

BETH FALLON,

        Plaintiff,

vs.

JAMES REEDY, SUSAN REEDY AND
AMICA MUTUAL INSURANCE COMPANY

        Defendants.

_____/

### PLAINTIFF'S NOTICE OF PROPOUNDING FIRST INTERROGATORIES TO DEFENDANT, AMICA MUTUAL INSURANCE COMPANY

Defendant, AMICA MUTUAL INSURANCE COMPANY, is hereby requested and required to answer under oath and in writing, in accordance with Rule 1.340 of the Florida Rules of Civil Procedure, the enclosed interrogatories submitted by the Plaintiff, BETH FALLON, to answer the following within 30 days of service hereof

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished via- E-Filing Nicolas E. Ferreiro, Esq. and Jacov R. McManamon, Esq., of Fitzsimmons, Hewitt, Stranzl & Spaid, PA, 4488 West Boy Scout Blvd., Ste. 200, Tampa, Florida 33607, on this 3rd of September, 2024

                    **//SS//Dena Sisk Foman//SS//**
                    Dena Sisk Foman, Esq.,
                    FBN: 518417
                    Attorney for Plaintiff
                    Mclaughlin & Stern, PLLC
                    525 Okeechobee Blvd, Ste1700
                    West Palm Beach, FL 33401
                    Phone (561) 659–4020
                    FAX (561) 659–4438
                    Dfoman@mclaughlinstern.com
                    Tvoorhees@mclaughlinstern.com

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR MANATEE COUNTY, FLORIDA
CIVIL DIVISION

BETH FALLON,

        **Plaintiff,**

vs.                           **CASE NO.: 2024-CA-001390**

JAMES REEDY, SUSAN REEDY,
and AMICA MUTUAL INSURANCE
COMPANY,

        **Defendants.**

_____/

## DEFENDANT'S, AMICA MUTUAL INSURANCE COMPANY, ANSWER, AFFIRMATIVE DEFENSES, AND DEMAND FOR JURY TRIAL

**COMES NOW** the Defendant, **AMICA MUTUAL INSURANCE COMPANY** (hereinafter "Defendant"), pursuant to Fla. R. Civ. P. 1.140, and hereby Answers the Plaintiff's, **BETH FALLON** (hereinafter "Plaintiff"), Complaint, respectively and as follows:

### ALLEGATIONS COMMON TO ALL COUNTS

1.      Admitted for jurisdictional purposes, only; all other inferences herein are denied.

2.      Admitted upon information and belief.

3.      Without knowledge and, therefore, denied.

4.      Without knowledge and, therefore, denied.

5.      Without knowledge and, therefore, denied

6.      Without knowledge and, therefore, denied.

1

7. Admitted.

COUNT I – JAMES REEDY

8. Defendant reavers and incorporates by reference the answers set forth in paragraphs one (1) through seven (7) as though fully set forth herein.

9. Said allegation is not directed to Defendant and, thus, no answer is required; to the extent that an answer is required, Defendant is without knowledge and, therefore, said allegation is denied.

10. Said allegation is not directed to Defendant and, thus, no answer is required; to the extent that an answer is required, Defendant is without knowledge and, therefore, said allegation is denied.

COUNT II – SUSAN REEDY

11. Defendant reavers and incorporates by reference the answers set forth in paragraphs one (1) through seven (7) and eight (8) through ten (10) as though fully set forth herein.

12. Said allegation is not directed to Defendant and, thus, no answer is required; to the extent that an answer is required, Defendant is without knowledge and, therefore, said allegation is denied.

13. Said allegation is not directed to Defendant and, thus, no answer is required; to the extent that an answer is required, Defendant is without knowledge and, therefore, said allegation is denied.

"2024CA001390AX" 206779043 Filed at Manatee County Clerk 09/12/2024 04:23:09 PM EDT

14. Said allegation is not directed to Defendant and, thus, no answer is required; to the extent that an answer is required, Defendant is without knowledge and, therefore, said allegation is denied.

<u>COUNT III – AMICA MUTUAL INSURANCE COMPANY</u>

15. Defendant reavers and incorporates by reference the answers set forth in paragraphs one (1) through seven (7), eight (8) through ten (10), and eleven (11) through fourteen (14) as though fully set forth herein.

16. Admitted that at all times material hereto, Defendant was an automobile insurer of Plaintiff and afforded Plaintiff uninsured/underinsured motorist liability limits pursuant to a policy of automobile insurance which is in Defendant's possession; all other inferences herein are denied.

17. Without knowledge and, therefore, denied.

18. Without knowledge and, therefore, denied.

19. Admitted that Plaintiff has demanded some or all of Plaintiff's uninsured/underinsured motorist liability limits pursuant to a policy of automobile insurance; all other inferenced herein are denied.

20. Denied as stated.

21. Without knowledge and, therefore, denied.

**AFFIRMATIVE DEFENSES**

<u>First Affirmative Defense</u>. Plaintiff is either comparatively liable or wholly liable for the incident described in the Plaintiff's Complaint. Accordingly, any

3

recovery shall be proportionately diminished or barred entirely pursuant to Fla. Stat. § 768.81.

Second Affirmative Defense. Any damages which may have been sustained by Plaintiff are the result of Plaintiff's own negligence in failing to use a seatbelt or other available safety restraint as required by Fla. Stat. § 316.614. Accordingly, any recovery shall be proportionately diminished or barred entirely pursuant to Fla. Stat. § 768.81.

Third Affirmative Defense. Any damages which may have been suffered by Plaintiff as a result of the incident described in Plaintiff's Complaint were caused by the negligent acts of non-parties who will be discovered throughout discovery. Accordingly, judgment against each party shall be entered on the basis of each such party's percentage of fault pursuant to Fla. Stat. § 768.81.

Fourth Affirmative Defense. Plaintiff is not entitled to damages for failing to mitigate Plaintiff's damages.

Fifth Affirmative Defense. Plaintiff is not entitled to damages for having not met the tort threshold for permanent injury.

Sixth Affirmative Defense. The treatment allegedly rendered to Plaintiff was not reasonable, necessary, or causally related to the incident described in Plaintiff's Complaint. Accordingly, any recovery shall be proportionately diminished or barred entirely.

"2024CA001390AX" 206779043 Filed at Manatee County Clerk 09/12/2024 04:23:09 PM EDT

Seventh Affirmative Defense. Defendant is not liable to Plaintiff, either in part or in whole, as any injuries that were allegedly sustained as a result of the incident described in Plaintiff's Complaint were pre-existing.

Eighth Affirmative Defense. To the extent that Plaintiff has settled with any other party or entity for damages allegedly sustained as a result of the incident described in Plaintiff's Complaint, Defendant is entitled to a "set-off" for said amounts.

Ninth Affirmative Defense. All medical expenses which Plaintiff may be entitled to recover are covered by collateral sources and, thus, are either reducible or not recoverable in this action. Accordingly, any recovery should be reduced by the total amounts which have been paid for Plaintiff's benefit or which are otherwise available to Plaintiff from collateral sources including, but not limited to, the extent of available insurance coverage, as well as benefits available through any guaranteed association or other governmental authority which are available to any party or entity which may be liable or otherwise responsible, either in part or in whole, for any damages allegedly sustained as a result of the incident described in Plaintiff's Complaint. *See* Fla. Stat. § 627.736; Fla. Stat. § 768.76; Goble v. Frohman, 901 So.2d 830 (Fla. 2005) (holding that it is appropriate to "set-off" against an award the amounts of reasonable and necessary bills or expenses that were "written-off" and are no longer due and owing).

5

**Tenth Affirmative Defense**. Defendant incorporates by reference and pleads all provisions of any contracts by and between the parties including, but not limited to, the Amica Mutual Insurance Company Policy Number 9406093054.

**Eleventh Affirmative Defense**. Plaintiff failed to complete the procedures required by Amica Mutual Insurance Company Policy Number 9406093054. Accordingly, Defendant incorporates by reference and pleads any and all defenses, policies, and procedures, as outlined in Amica Mutual Insurance Company Policy Number 9406093054.

**Twelfth Affirmative Defense**. Defendant incorporates by reference and pleads the applicability of Fla. Stat. § 627.727.

**Thirteenth Affirmative Defense**. Defendant incorporates by reference and pleads the applicability of Fla. Stat. § 624.1552.

**Fourteenth Affirmative Defense**. Defendant incorporates by reference and pleads the applicability of Fla. Stat. § 768.0427.

**Fifteenth Affirmative Defense**. Any recovery by Plaintiff is subject to the applicability of Fla. Stat. § 627.736 and Defendant is entitled to any "set-offs" pursuant to same.

**Sixteenth Affirmative Defense**. Plaintiff is estopped from re-litigating injuries and damages for which Plaintiff has been compensated by collateral sources, third parties, and/or the tortfeasor.

**Reservation of Rights**. Defendant reserves the right to raise additional affirmative defenses as same become known in accordance with Fla. R. Civ. P. 1.190.

6

## DEMAND FOR JURY TRIAL

Defendant hereby demands a jury trial of all issues so triable of right by a jury.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been filed online using the Florida E-Filing Portal as mandated by Fla. R. of J. Admin 2.516(b)(1) with copies being furnished to **Dena Sisk Foman, Esq., McLaughlin & Stern, PLLC** (dfoman@mclaughlinstern.com; tvoorhees@mclaughlinstern.com), this 12th day of September, 2024.

**FITZSIMMONS, HEWITT, STRANZL & SPAID, P.A.**

*/s/ Nicolas E. Ferreiro, Esq.*

**NICOLAS E. FERREIRO, ESQ. (FBN: 1017986)**
**JACOB R. MCMANAMON, ESQ. (FBN: 1039268)**
4488 West Boy Scout Boulevard, Suite 200
Tampa, FL 33607
Telephone: (813) 221-0200
Fax: (813) 736-5435
Primary Service Email: nicolas@fhsslegal.com
Secondary Service Emails: jacob@fhsslegal.com;
camille@fhsslegal.com
*Attorneys for Defendant, Amica Mutual Insurance Company*

7

## IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
## IN AND FOR MANATEE COUNTY, FLORIDA
## CIVIL DIVISION

**BETH FALLON,**

             **Plaintiff,**

**vs.**                                    **CASE NO.: 2024-CA-001390**

**JAMES REEDY, SUSAN REEDY,**
**and AMICA MUTUAL INSURANCE**
**COMPANY,**

             **Defendants.**

_____/

### DEFENDANT'S, AMICA MUTUAL INSURANCE COMPANY, FIRST SET OF REQUESTS TO PRODUCE TO PLAINTIFF

     **COMES NOW** the Defendant, **AMICA MUTUAL INSURANCE COMPANY** (hereinafter "Defendant"), by and through undersigned counsel, pursuant to Fla. R. Civ. P. 1.350, and hereby serves Defendants' First Set of Requests to Produce to the Plaintiff, **BATH FALLON** (hereinafter "Plaintiff"), and Requests that Plaintiff produce a copy of the documents listed in the attached Schedule "A", within thirty (30) days from the date of service herein, electronically or to the offices of FITZSIMMONS, HEWITT, STRANZL & SPAID, P.A., 4488 West Boy Scout Boulevard, Suite 200, Tampa, FL 33607. Inspection will be made of the documents by the undersigned attorneys and Defendants, who may make copies of any and all documents or things produced at the expense of Defendants.

1

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been filed online using the Florida E-Filing Portal as mandated by Fla. R. of J. Admin 2.516(b)(1) with copies being furnished to **Dena Sisk Foman, Esq., McLaughlin & Stern, PLLC** (dfoman@mclaughlinstern.com; tvoorhees@mclaughlinstern.com), this 12th day of September, 2024.

**FITZSIMMONS, HEWITT, STRANZL & SPAID, P.A.**

*/s/ Nicolas E. Ferreiro, Esq.*

**NICOLAS E. FERREIRO, ESQ. (FBN: 1017986)**
**JACOB R. MCMANAMON, ESQ. (FBN: 1039268)**
4488 West Boy Scout Boulevard, Suite 200
Tampa, FL 33607
Telephone: (813) 221-0200
Fax: (813) 736-5435
Primary Service Email: nicolas@fhsslegal.com
Secondary Service Emails: jacob@fhsslegal.com;
camille@fhsslegal.com
*Attorneys for Defendant, Amica Mutual Insurance Company*

2

# SCHEDULE "A"

1. Medical bills and medical records including, but not limited to, those prepared by any and all medical providers for medical treatment provided in relation to the incident described in Plaintiff's Complaint.

2. Any and all evidence required to prove past and future medical treatment or service expenses which are claimed as damages in this action by Plaintiff, as required by Fla. Stat. § 768.0427.

3. Letters of Protections that Plaintiff or Plaintiff's representatives have executed concerning medical treatment sought in relation to the incident described in Plaintiff's Complaint.

4. Medical reports, opinions, or other written memoranda from any and all medical providers or expert witnesses in relation to the incident described in Plaintiff's Complaint.

5. Photographs depicting any personal injury, property damage, or other damages alleged by the Plaintiff in relation to the incident described in Plaintiff's Complaint.

6. Property damage estimates, appraisals, invoices, and other similar documents evidencing any and all property damage related to the incident described in Plaintiff's Complaint.

7. Written or recorded statements taken from Defendants in relation to the incident described in Plaintiff's Complaint.

8. Written or recorded statements taken from any other parties or non-parties in relation to the incident described in Plaintiff's Complaint, including the name(s) and address(es) of any person from whom Plaintiff or Plaintiff's representatives have obtained such a written or recorded statement and the date(s) obtained.

9. Photographs, graphs, charts, and other documentary evidence of the scene of the incident described in Plaintiff's Complaint and the parties involved in or pertaining to the incident described in Plaintiff's Complaint.

10. Any and all insurance policies providing benefits or coverage for any claimed injuries or damages related to the incident described in Plaintiff's Complaint.

11. Written statements including, but not limited to, opinions, memoranda, and reports which Plaintiff expects to introduce into evidence at the trial of this action.

3

12. Written statements including, but not limited to, opinions, memoranda, and reports of any and all witnesses and expert witnesses which Plaintiff expects to introduce into evidence or utilize at the trial of this action.

13. Any other documents, transcripts, photographs, recordings, and similar documents, as defined and permitted by the Florida Rules of Civil Procedure, which have not been specifically requested but which are relevant to the subject matter of this suit and not otherwise privileged.

14. Police reports, if applicable, related to the incident described in Plaintiff's Complaint.

15. All tax returns and W-2s, including attachments thereto, for the past five (5) years (IRS Form 4506 attached hereto; please complete and return to the Defendant).

16. A copy of the front and back of Plaintiff's Driver's License.

17. Copies of the front and back of any private or public health insurance identifications cards (Medicaid and Medicare Authorizations attached hereto; please complete and return to Defendants).

18. Police Reports or Incident Reports prepared in relation to any prior incidents including but not limited to, motor vehicle accidents or work-related incidents, in which the Plaintiff was involved within the last ten (10) years.

19. All other written documents, transcripts, photographs, recordings, and similar documents containing information related to Plaintiff's prior incidents including but not limited to, motor vehicle accidents or work-related incidents.

20. Claim or Incident Reports that Plaintiff has filed within the last ten (10) years.

21. All documentation which supports Plaintiff's wage loss claim, if applicable.

22. Medical reports, opinions, or other written memoranda prepared by any and all medical providers for medical treatment provided within the last five (5) years.

4

## IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
## IN AND FOR MANATEE COUNTY, FLORIDA
## CIVIL DIVISION

**BETH FALLON,**

Plaintiff,

**vs.**                                           CASE NO.: 2024-CA-001390

**JAMES REEDY, SUSAN REEDY,
and AMICA MUTUAL INSURANCE
COMPANY,**

Defendants.

_____/

## DEFENDANT'S, AMICA MUTUAL INSURANCE COMPANY, NOTICE OF SERVING FIRST SET OF INTERROGATORIES TO PLAINTIFF

**COMES NOW** the Defendant, **AMICA MUTUAL INSURANCE COMPANY** (hereinafter "Defendant"), by and through undersigned counsel, pursuant to Fla. R. Civ. P. 1.340, and hereby gives Notice of Serving Defendant's First Set of Interrogatories to the Plaintiff, **BATH FALLON** (hereinafter "Plaintiff"), numbered one (1) through twenty-six (26), upon counsel for Plaintiff, to be answered within thirty (30) days from the date of service herein.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been filed online using the Florida E-Filing Portal as mandated by Fla. R. of J. Admin 2.516(b)(1) with copies being furnished to **Dena Sisk Foman, Esq., MCLAUGHLIN & STERN, PLLC** (dfoman@mclaughlinstern.com; tvoorhees@mclaughlinstern.com), this 12th day of September, 2024.

**FITZSIMMONS, HEWITT, STRANZL & SPAID, P.A.**

*/s/ Nicolas E. Ferreiro, Esq.*

**NICOLAS E. FERREIRO, ESQ. (FBN: 1017986)**
**JACOB R. MCMANAMON, ESQ. (FBN: 1039268)**
4488 West Boy Scout Boulevard, Suite 200
Tampa, FL 33607
Telephone: (813) 221-0200
Fax: (813) 736-5435
Primary Service Email: nicolas@fhsslegal.com
Secondary Service Emails: jacob@fhsslegal.com;
camille@fhsslegal.com
*Attorneys for Defendant, Amica Mutual Insurance Company*

IN THE CIRCUIT COURT OF THE 12th
JUDICIAL CIRCUIT, IN AND FOR
MANATEE COUNTY, FLORIDA

CASE NO:  2024 CA 1390

BETH FALLON,

        Plaintiff,

vs.

JAMES REEDY, SUSAN REEDY AND
AMICA MUTUAL INSURANCE COMPANY

    Defendants.

_____/

## REPLY TO AFFIRMATIVE DEFENSES OF
## AMICA MUTUAL INSURANCE COMPANY

    COMES NOW Plaintiff BETH FALLON, and in response to Defendant, AMICA
MUTUAL INSURANCE COMPANY'S Answer and Affirmative Defense's, to Plaintiff's
Complaint and denies each and every Affirmative Defense and demands strict proof thereof.

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the foregoing has been furnished via- E-Filing
Nicolas E. Ferreiro, Esq. and Jacov R. McManamon, Esq., of Fitzsimmons, Hewitt, Stranzl &
Spaid, PA, 4488 West Boy Scout Blvd., Ste. 200, Tampa, Florida  33607, on this 13th of
September, 2024

                              **//SS//Dena Sisk Foman//SS//**
                              Dena Sisk Foman, Esq.,
                              FBN: 518417
                              Attorney for Plaintiff
                              Mclaughlin & Stern, PLLC
                              525 Okeechobee Blvd, Ste1700
                              West Palm Beach, FL 33401
                              Phone (561) 659–4020
                              FAX (561) 659–4438
                              Dfoman@mclaughlinstern.com
                              Tvoorhees@mclaughlinstern.com

IN THE CIRCUIT COURT OF THE 12th
JUDICIAL CIRCUIT, IN AND FOR
MANATEE COUNTY, FLORIDA

CASE NO: 2024 CA 1390

BETH FALLON,

        Plaintiff,

vs.

JAMES REEDY, SUSAN REEDY AND
AMICA MUTUAL INSURANCE COMPANY

    Defendants.

_____/

## REPLY TO AFFIRMATIVE DEFENSES OF
## JAMES REEDY AND SUSAN REEDY

    COMES NOW Plaintiff BETH FALLON, and in response to Defendants, JAMES
REEDY AND SUSAN REEDY'S Answer and Affirmative Defense's, to Plaintiff's Complaint
and denies each and every Affirmative Defense and demands strict proof thereof.

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the foregoing has been furnished via- E-Filing
Nicolas E. Ferreiro, Esq. and Jacov R. McManamon, Esq., of Fitzsimmons, Hewitt, Stranzl &
Spaid, PA, 4488 West Boy Scout Blvd., Ste. 200, Tampa, Florida 33607, nicolas@fhsslegal.com
and jacob@fhsslegal.com AND Kenneth E. Amos, JR, Esq., and William Gula, Esq., of Vernis
& Bowling of St. Petersburg, PA 696 1st Avenue, North, First Floor, St. Petersburg, Florida
33701 STPFFiling@Florida-Law.com, and stpfilingWG@Florida-law.com on this 17h of
September, 2024

                        **//SS//Dena Sisk Foman//SS//**
                        Dena Sisk Foman, Esq.,
                        FBN: 518417
                        Attorney for Plaintiff
                        Mclaughlin & Stern, PLLC
                        525 Okeechobee Blvd, Ste1700
                        West Palm Beach, FL 33401
                        Phone (561) 659–4020
                        FAX (561) 659–4438
                        Dfoman@mclaughlinstern.com
                        Tvoorhees@mclaughlinstern.com

"2024CA001390AX" 207067148 Filed at Manatee County Clerk 09/17/2024 01:29:13 PM EDT

## IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
## IN AND FOR MANATEE COUNTY, FLORIDA
## CIRCUIT CIVIL DIVISION

BETH FALLON,

      Plaintiff,

v.                             Case No.:     2024-CA-001390

SUSAN REEDY, JAMES REEDY and
AMICA MUTUAL INSURANCE
COMPANY,

      Defendants.

_____/

## DEFENDANTS SUSAN REEDY AND JAMES REEDY'S NOTICE OF APPEARANCE AND DESIGNATION OF E-MAIL ADDRESS

**KENNETH E. AMOS, JR., ESQUIRE** and **WILLIAM C. GULA, ESQUIRE** of

VERNIS & BOWLING OF ST. PETERSBURG, P.A. hereby give this *Notice of Appearance* as

counsel on behalf of Defendants, SUSAN REEDY and JAMES REEDY, and request that copies

of all pleadings and papers filed in this action from this date forward be served pursuant to Rule

2.516, Florida Rules of Judicial Administration, upon the undersigned at the addresses below:

| | |
|---|---|
| Kenneth E. Amos, Jr., Esq. | stpfiling@florida-law.com (Primary) |
| William C. Gula, Esq. | stpfilingWG@florida-law.com (Primary) |

*[Certificate of Service Next Page]*

## CERTIFICATE OF SERVICE

**I CERTIFY** that the foregoing document has been furnished by electronic transmission to all counsel of record via Florida Courts E-Filing Portal pursuant to Florida Supreme Court Administrative Order AOS13-49, this ____ day of September 2024.

**KENNETH E. AMOS, JR., ESQUIRE**
Florida Bar No.: 717983
**WILLIAM C. GULA, ESQUIRE**
Florida Bar No.: 31048
VERNIS & BOWLING OF ST. PETERSBURG, P.A.
696 1st Avenue N., 1st Floor
St. Petersburg, Florida 33701
Tel: (727) 443-3377
Fax: (727) 443-6828
STPFiling@Florida-Law.com
*Attorneys for Defendant*

**DESIGNATED E-MAIL ADDRESSES OF RECIPIENTS:**
dfoman@mclaughlinstern.com

KEA/WCG/ekg
5655-TBD
Document # 85

"2024CA001390AX" 207054093 Filed at Manatee County Clerk 09/17/2024 11:59:34 AM EDT

## IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
## IN AND FOR MANATEE COUNTY, FLORIDA
## CIRCUIT CIVIL DIVISION

BETH FALLON,

       Plaintiff,

Case No.:    2024-CA-001390

v.

SUSAN REEDY, JAMES REEDY and
AMICA MUTUAL INSURANCE
COMPANY,

       Defendants.

_____/

### DEFENDANTS', SUSAN REEDY'S AND JAMES REEDY'S, ANSWER, AFFIRMATIVE DEFENSES, AND DEMAND FOR JURY TRIAL

      **COMES NOW** the Defendants, SUSAN REEDY and JAMES REEDY, by and through their undersigned counsel, hereby files this *Answer, Affirmative Defenses, and Demand for Jury Trial* in response to Plaintiff's *Complaint*, and states as follows:

### ALLEGATIONS COMMON TO ALL COUNTS

      1.    Defendants admit for jurisdictional purposes that this is an action that purports on its face to meet the necessary amount in controversy for jurisdiction in this Court. Paragraph 1 is denied for any other reason or purpose.

      2.    Without knowledge, therefore denied.

      3.    Admitted.

      4.    Admitted.

      5.    Denied.

      6.    Denied as worded.

      7.    Without knowledge, therefore denied.

**COUNT I**
**JAMES REEDY**

8.  The Defendant, JAMES REEDY, re-alleges his responses to paragraphs 1-7 as if fully stated herein.

9.  Denied.

10. Denied.

**WHEREFORE** the Defendant, JAMES REEDY, prays this Honorable Court enter judgment in favor and against the Plaintiff, BETH FALLON, and award all costs incurred in the defense of this case and such other and further relief as this Court deems just and proper.

**COUNT II**
**SUSAN REEDY**

11. Defendant, SUSAN REEDY, realleges her responses to paragraphs 1-7 and 8-10 as if fully stated herein.

12. Denied as worded.

13. Denied.

14. Denied.

**WHEREFORE** the Defendant, SUSAN REEDY, prays this Honorable Court enter judgment in favor and against the Plaintiff, BETH FALLON, and award all costs incurred in the defense of this case and such other and further relief as this Court deems just and proper.

**COUNT III**
**AMICA MUTUAL INSURANCE COMPANY**

15-21. This Count is not directed at the Defendants, JAMES REEDY and SUSAN REEDY. To the extent that any of the allegations can be construed to the Defendants, JAMES REEDY and SUSAN REEDY, they are denied.

"2024CA001390AX" 207054093 Filed at Manatee County Clerk 09/17/2024 11:59:34 AM EDT

## AFFIRMATIVE DEFENSES

By way of separate and distinct *Affirmative Defenses* to Plaintiff's *Complaint*, Defendants, JAMES REEDY and SUSAN REEDY, state as follows:

### First Affirmative Defense

The Plaintiff's negligence contributed to the accident alleged in the *Complaint* and her damages, if any, should be reduced by her percentage of fault.

### Second Affirmative Defense

The Plaintiff has failed to mitigate her damages, if any, which have contributed to the alleged injuries.

### Third Affirmative Defense

Defendants are entitled to a set-off for any benefits that have been, or should have been, paid to the Plaintiff's alleged medical providers under personal injury protection coverage.

### Fourth Affirmative Defense

The parties' rights shall be controlled by a judgment, if any, entered in accordance with the requirements of Fla. Stat. § 768.31 (contribution among tortfeasors) and Fla. Stat. § 768.81 (comparative fault/joint and several liability) and therefore, Defendants assert all rights they may have under each Statute.

### Fifth Affirmative Defense

Defendants affirmatively allege that the Plaintiff's injuries are due to a superseding or supervening cause.

### Sixth Affirmative Defense

Defendants affirmatively allege that Plaintiff's alleged damages and injuries, if any, were proximately caused by the comparative fault of other joint tortfeasors regardless of whether those

"2024CA001390AX" 207054093 Filed at Manatee County Clerk 09/17/2024 11:59:34 AM EDT

joint tortfeasors are parties named in this action. Pursuant to Fla. Stat. § 768.81, Defendants are not liable for the comparative fault of these other joint tortfeasors.

### Seventh Affirmative Defense

Defendants allege that any award of damages obtained by the Plaintiff herein must be apportioned according to the relative responsibility of all parties, as well as other non-parties to the litigation for any damages awarded to the Plaintiff.

### Eighth Affirmative Defense

Defendants affirmatively alleges that the negligence causing the Plaintiff's injuries, if any, was the result of negligence practiced by third parties who are not before this Court. Accordingly, this defense and the Defendants are entitled to the benefits of the *Fabré/Messmer* doctrine in any verdict submitted to the jury.

### Ninth Affirmative Defense

Defendants are exempt from the damages alleged by the Plaintiff pursuant to Fla. Stat. § 627.737.

### Tenth Affirmative Defense

The damages alleged in the *Complaint* are barred or, in the alternative, are subject to reduction to the extent that such injuries and damages were compensated or are subject to compensation by "collateral sources" as that term is used in Fla. Stat. § 627.737(2) and §768.76.

### Eleventh Affirmative Defense

The Defendants affirmatively allege that the provisions of Fla. Stat. § 768.71-768.81 apply to this action, the provisions of which are incorporated herein by reference and the Defendants are entitled to the privileges, benefits, protections and limitations provided therein.

### *Twelfth Affirmative Defense*

The Defendants affirmatively allege that the provisions of Fla. Stat. § 627.730-627.7405 apply to this action, the provisions of which are incorporated herein by reference, and the Defendants are entitled to the privileges, benefits, protections and limitations provided therein.

### *Thirteenth Affirmative Defense*

The Defendants affirmatively allege that the provisions of Fla. Stat. § 768.0427 apply to this action, the provisions of which are incorporated herein by reference and the Defendants are entitled to the privileges, benefits, protections and limitations provided therein. The damages alleged in the *Complaint* are barred or, in the alternative, are subject to reduction to the extent that such damages are subject to Fla. Stat. § 768.0427.

### *Fourteenth Affirmative Defense*

Defendants affirmatively allege that Plaintiff's negligence contributed to the accident alleged in the *Complaint* and his damages, are barred pursuant to Fla. Stat. § 768.81. Further, Plaintiff is barred from recovery of any and all damages due to Plaintiff's own negligence.

### **<u>RESERVATION OF RIGHTS</u>**

Defendants hereby reserves their rights to add or detract from their *Affirmative Defenses* as discovery requires.

*[continued on following page]*

## DEMAND FOR JURY TRIAL

Defendants demand a trial by jury on all issues so triable as a matter of right before a jury.

## CERTIFICATE OF SERVICE

**I CERTIFY** that the foregoing document has been furnished by electronic transmission to all counsel of record via Florida Courts E-Filing Portal pursuant to Florida Supreme Court Administrative Order AOS13-49, this _____ day of September 2024.

KENNETH E. AMOS, JR., ESQUIRE
Florida Bar No.: 717983
**WILLIAM C. GULA, ESQUIRE**
Florida Bar No.: 31048
**ERIN K. GROSSMAN, ESQUIRE**
Florida Bar No.: 1018104
VERNIS & BOWLING OF ST. PETERSBURG, P.A.
696 1st Avenue N., 1st Floor
St. Petersburg, Florida 33701
Tel: (727) 443-3377
Fax: (727) 443-6828
STPFiling@Florida-Law.com
*Attorneys for Defendants, James Reedy and Susan Reedy*

WCG/hw
5655-TBD
Document # 79

"2024CA001390AX" 207054093 Filed at Manatee County Clerk 09/17/2024 11:59:34 AM EDT

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR MANATEE COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION

BETH FALLON,

       Plaintiff,

Case No.:    2024-CA-001390

v.

SUSAN REEDY, JAMES REEDY and
AMICA MUTUAL INSURANCE
COMPANY,

       Defendants.

_____/

## DEFENDANTS'. SUSAN REEDY'S AND JAMES REEDY'S. FIRST REQUEST FOR ADMISSIONS TO THE PLAINTIFF

**COMES NOW** the Defendant, SUSAN REEDY and JAMES REEDY, by and through their undersigned counsel and pursuant to the Florida Rules of Civil Procedure 1.370, requests the Plaintiff, BETH FALLON, to admit or deny each of the following numbered requests, or respond thereto as required by said rule. Failure to respond within thirty (30) days shall be deemed an admission for each request.

1. Your claim is subject to the provisions "Florida Vehicle No-Fault Law".

2. You have or had available no-fault/PIP benefits paid or payable toward your claims for medical bills and/or wage losses.

3. You have exhausted your no-fault/PIP benefits.

4. All PIP and/or medical payments coverage paid or payable for the bills/losses incurred up to the time of trial are properly characterized as collateral sources, to be set-off against any jury award for past medical expenses and past wage losses.

5. You did not incur any lost wage as a result of the accident, which it the subject matter of this lawsuit.

6. You did not incur any loss of earning capacity as a result of the accident, which is the subject matter of this lawsuit.

7. You did not incur any claim for mental anguish as a result of this accident, which is the subject matter of this lawsuit.

8. All or part of your medical bills incurred to date have been paid or are payable by your no-fault benefits.

9. All or part of your lost wages incurred to date have been paid or are payable by your available no-fault benefits.

10. You did not sustain a "threshold" injury, as defined by the Florida Motor Vehicle No-Fault Law, in the incident alleged in Plaintiff's *Complaint*.

11. The alleged injuries that you sustained as a result of this motor vehicle are not considered permanent.

*[Certificate of Service Next Page]*

## CERTIFICATE OF SERVICE

**I CERTIFY** that the foregoing document has been furnished by electronic transmission to all counsel of record via Florida Courts E-Filing Portal pursuant to Florida Supreme Court Administrative Order AOS13-49, this ⸺ day of September 2024.

KENNETH E. AMOS, JR., ESQUIRE
Florida Bar No.: 717983
WILLIAM C. GULA, ESQUIRE
Florida Bar No.: 31048
ERIN K. GROSSMAN, ESQUIRE
Florida Bar No.: 1018104
VERNIS & BOWLING OF ST. PETERSBURG, P.A.
696 1st Avenue N., 1st Floor
St. Petersburg, Florida 33701
Tel: (727) 443-3377
Fax: (727) 443-6828
STPFiling@Florida-Law.com
*Attorneys for Defendants, James Reedy and Susan Reedy*

WCG/hw
5655-TBD
Document # 82

"2024CA001390AX" 207054093 Filed at Manatee County Clerk 09/17/2024 11:59:34 AM EDT

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR MANATEE COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION

BETH FALLON,

      Plaintiff,

v.

Case No.:    2024-CA-001390

SUSAN REEDY, JAMES REEDY and
AMICA MUTUAL INSURANCE
COMPANY,

      Defendants.

_____/

## DEFENDANTS' FIRST REQUEST FOR PRODUCTION TO THE PLAINTIFF

**COMES NOW** the Defendants, SUSAN REEDY and JAMES REEDY, by and through
their undersigned counsel, and pursuant to Rule 1.350, Florida Rules of Civil Procedure, requests
Plaintiff, BETH FALLON, to produce the following documents to the undersigned, at this office,
within thirty (30) days from this date for examination, inspection and copying:

1. Copies of Federal Income Tax Returns, W-2 withholding tax statements, and any and all
   other business records and/or income records, and any other evidence of income for the five
   years prior to the subject accident or occurrence together with evidence of any other income
   to date.

2. Any and all medical or related bills, paid or owing, allegedly resulting from the accident or
   occurrence.

3. Any and all medical records, hospital records, chiropractic records, osteopathic records, faith
   healer's records, X-Ray reports, MRI Scan reports, CT-Scan reports, nurses notes, physical
   therapy records, or any other non-privileged medical information in Plaintiff's possession,
   including copies of any radiographic materials such as x-Ray films, CT Films, MRI Films
   etc. that you have seen for the injuries you allege to have sustained in this accident.

4. Please furnish any and all medical reports, doctors' reports, or reports rendered by experts
   applicable to any and all issues in this cause, for which the Plaintiff intends to use the author
   of said report as an expert witness at trial.

5. Please furnish copies of any written or recorded statements that the Plaintiff, her agents or employees have taken or have in their possession, taken from the Defendant or any witness to this action other than the Plaintiff, concerning this action or its subject matter or a stenographic, mechanical, electrical, or other recording or transcription of a statement that is a substantial verbatim recital or an oral statement. Please furnish the name of the witness or party to whom the statement came from, the date taken, and the means of recording or preserving same.

6. Any and all written and/or recorded statements taken from the Defendant in this cause, concerning this action or its subject matter or a stenographic, mechanical, electrical, or other recording or transcription of a statement that is a substantial verbatim recital or an oral statement.

7. Please furnish copies of any and all photographs, graphs charts, and other documentary evidence of the scene, parties, or vehicles if applicable, involved in or pertaining to the subject accident or occurrence or issues in this cause, which the Plaintiff intends to use at the trial of this action.

8. A copy of any and all insurance policies providing benefits or coverage to the Plaintiff for any claimed injury or damage from the subject accident or occurrence.

9. Copies of all written materials concerning any settlement by Plaintiff(s) with any other person or entity who may have been liable for the damages claimed by the Plaintiff(s), together with all "Mary Carter" or other similar agreements.

10. Copies of all other medical and/or disability insurance policies, including all booklets concerning any group policies, which provide or may provide medical or disability payments to Plaintiff(s) regarding damages alleged to have been incurred as a result of the subject accident, together with the relevant declarations or face sheet reflecting available coverage and deductibles.

11. Copies of any applications for insurance, including health, disability, casualty, automobile, hospital, business interruption or umbrella liability policies. Plaintiff may comply by providing a listing of each and every insurance policy applied for, the name of the agent who took the application if applicable, whether the policy was issued, the effective dates of the policy and a listing of any claims submitted under the policies. This request is limited to the five year period subsequent to the date of loss.

12. Please provide medical records from any and all medical providers which the claimant has seen in the last ten years including hospital emergency rooms and walk-in clinics.

13. Please provide copies of the labels on the medicine container for all medications, whether prescription or not, which the claimant is now taking on a regular basis.

14. Please provide paycheck stubs for all employers of the claimant whether as a regular employee or independent contractor for the last ten years.

15. Records of all income received since the accident whether on the job or not, which was not declared on the Plaintiff's Income Tax Return.

16. Please provide all records and/or documentation for any and all prior injuries or accidents, whether on the job or not.

17. Please provide all records and/or documentation for any and all subsequent injuries or accidents, whether on the job or not.

18. A recent photograph of the Plaintiff depicting any injuries.

19. Any and all x-rays taken of Plaintiff as a result of the subject incident.

20. A copy of any incident report filed by Plaintiff.

21. A copy of the Plaintiff's driver's license (front and back).

22. Please produce all documents pursuant to any litigation you are involved in, or were involved in within the last five (5) years.

*[Certificate of Service Next Page]*

## CERTIFICATE OF SERVICE

**I CERTIFY** that the foregoing document has been furnished by electronic transmission to all counsel of record via Florida Courts E-Filing Portal pursuant to Florida Supreme Court Administrative Order AOS13-49, this _____ day of September 2024.

KENNETH E. AMOS, JR., ESQUIRE
Florida Bar No.: 717983
WILLIAM C. GULA, ESQUIRE
Florida Bar No.: 31048
ERIN K. GROSSMAN, ESQUIRE
Florida Bar No.: 1018104
VERNIS & BOWLING OF ST. PETERSBURG, P.A.
696 1st Avenue N., 1st Floor
St. Petersburg, Florida 33701
Tel: (727) 443-3377
Fax: (727) 443-6828
STPFiling@Florida-Law.com
*Attorneys for Defendants, James Reedy and Susan Reedy*

WCG/hw
5655-TBD
Document # 81

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR MANATEE COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION

BETH FALLON,

      Plaintiff,

Case No.:    2024-CA-001390

v.

SUSAN REEDY, JAMES REEDY and
AMICA MUTUAL INSURANCE
COMPANY,

      Defendants.

_____/

## NOTICE OF SERVING DEFENDANTS', SUSAN REEDY'S AND JAMES REEDY'S, FIRST SET OF INTERROGATORIES TO THE PLAINTIFF

**COMES NOW** the Defendants, SUSAN REEDY and JAMES REEDY, by and through their undersigned counsel, and pursuant to Florida Rules of Civil Procedure 1.340, hereby propounds to the Plaintiff, BETH FALLON, the attached interrogatories #1 through 25, the answers to which will be due within thirty (30) days from the date of service hereof.

*[Certificate of Service Next Page]*

## CERTIFICATE OF SERVICE

**I CERTIFY** that the foregoing document has been furnished by electronic transmission to all counsel of record via Florida Courts E-Filing Portal pursuant to Florida Supreme Court Administrative Order AOS13-49, this ___ day of September 2024.

KENNETH E. AMOS, JR., ESQUIRE
Florida Bar No.: 717983
WILLIAM C. GULA, ESQUIRE
Florida Bar No.: 31048
ERIN K. GROSSMAN, ESQUIRE
Florida Bar No.: 1018104
VERNIS & BOWLING OF ST. PETERSBURG, P.A.
696 1st Avenue N., 1st Floor
St. Petersburg, Florida 33701
Tel: (727) 443-3377
Fax: (727) 443-6828
STPFiling@Florida-Law.com
*Attorneys for Defendants, James Reedy and Susan Reedy*

WCG/hw
5655-TBD
Document # 80

"2024CA001390AX" 207054093 Filed at Manatee County Clerk 09/17/2024 11:59:34 AM EDT

IN THE CIRCUIT COURT OF THE 12th
JUDICIAL CIRCUIT, IN AND FOR
MANATEE COUNTY, FLORIDA

CASE NO: 2024 CA 1390

BETH FALLON,

        Plaintiff,

vs.

JAMES REEDY, SUSAN REEDY AND
AMICA MUTUAL INSURANCE COMPANY

      Defendants.

_____/

## PLAINTIFF'S NOTICE OF PROPOUNDING FIRST INTERROGATORIES TO DEFENDANT, SUSAN REEDY

Defendant, SUSAN REEDY, is hereby requested and required to answer under oath and in writing, in accordance with Rule 1.340 of the Florida Rules of Civil Procedure, the enclosed interrogatories submitted by the Plaintiff. BETH FALLON, to answer the following within 30 days of service hereof.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished via- E-Filing Nicolas E. Ferreiro, Esq. and Jacob R. McManamon, Esq., of Fitzsimmons, Hewitt, Stranzl & Spaid, PA, 4488 West Boy Scout Blvd., Ste. 200, Tampa, Florida 33607, nicolas@fhsslegal.com and jacob@fhsslegal.com AND Kenneth E. Amos, JR, Esq., and William Gula, Esq., of Vernis & Bowling of St. Petersburg, PA 696 1st Avenue, North, First Floor, St. Petersburg, Florida 33701 STPFFiling@Florida-Law.com, and stpfilingWG@Florida-law.com on this 18TH of September, 2024

                                 **//SS//Dena Sisk Foman//SS//**
                                 Dena Sisk Foman, Esq.,
                                 FBN: 518417
                                 Attorney for Plaintiff
                                 Mclaughlin & Stern, PLLC
                                 525 Okeechobee Blvd, Ste1700
                                 West Palm Beach, FL 33401
                                 Phone (561) 659–4020

FAX (561) 659–4438
Dfoman@mclaughlinstern.com
Tvoorhees@mclaughlinstern.com

IN THE CIRCUIT COURT OF THE 12th
JUDICIAL CIRCUIT, IN AND FOR
MANATEE COUNTY, FLORIDA

CASE NO: 2024 CA 1390

BETH FALLON,

        Plaintiff,

vs.

JAMES REEDY, SUSAN REEDY AND
AMICA MUTUAL INSURANCE COMPANY

    Defendants.

_____/

## PLAINTIFF'S NOTICE OF PROPOUNDING FIRST INTERROGATORIES TO DEFENDANT, JAMES REEDY

    Defendant, JAMES REEDY, is hereby requested and required to answer under oath and in writing, in accordance with Rule 1.340 of the Florida Rules of Civil Procedure, the enclosed interrogatories submitted by the Plaintiff. BETH FALLON, to answer the following within 30 days of service hereof.

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the foregoing has been furnished via- E-Filing Nicolas E. Ferreiro, Esq. and Jacob R. McManamon, Esq., of Fitzsimmons, Hewitt, Stranzl & Spaid, PA, 4488 West Boy Scout Blvd., Ste. 200, Tampa, Florida 33607, nicolas@fhsslegal.com and jacob@fhsslegal.com AND Kenneth E. Amos, JR, Esq., and William Gula, Esq., of Vernis & Bowling of St. Petersburg, PA 696 1st Avenue, North, First Floor, St. Petersburg, Florida 33701 STPFFiling@Florida-Law.com, and stpfilingWG@Florida-law.com on this 18TH of September, 2024

                               **//SS//Dena Sisk Foman//SS//**
                               Dena Sisk Foman, Esq.,
                               FBN: 518417
                               Attorney for Plaintiff
                               Mclaughlin & Stern, PLLC
                               525 Okeechobee Blvd, Ste1700
                               West Palm Beach, FL 33401
                               Phone (561) 659–4020

FAX (561) 659–4438
Dfoman@mclaughlinstern.com
Tvoorhees@mclaughlinstern.com

IN THE CIRCUIT COURT OF THE 12th
JUDICIAL CIRCUIT, IN AND FOR
MANATEE COUNTY, FLORIDA

CASE NO: 2024 CA 1390

BETH FALLON,

               Plaintiff,

vs.

JAMES REEDY, SUSAN REEDY AND
AMICA MUTUAL INSURANCE COMPANY

        Defendants.

_____/

## PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFENDANTS, JAMES REEDY AND SUSAN REEDY

        The Plaintiff, by and through his undersigned attorney, and pursuant to Florida Rules of Civil Procedure, Rule 1.350, and requests Defendants, JAMES REEDY and SUSAN REEDY, to produce the following documents at the offices of counsel for the Plaintiff within 30 days of service hereof:

1.    Photographs in the possession of the Defendant and/or his/her attorneys or agents of any vehicle and damages to any vehicle involved in the accident that is the subject matter of this litigation.

2.    Photographs in the possession of the Defendant and/or his/her attorneys or agents showing the scene of the accident that is the subject matter of this litigation.

3.    Any and all repair estimates and/or repair invoices for any vehicle involved in the accident that is the subject matter of this litigation.

4.    Copies of any and all statements, writings, recordings, memorandums, notes or other materials reflecting statements made by the Defendants and/or Plaintiffs or any other person regarding the accident that is the subject matter of this litigation.

5.    A complete copy of any and all liability policies, including all declarations pages, for any automobile insurance policy in effect on the date of the automobile accident referenced in

Plaintiff Complaint, including but not limited to any excess umbrella policies of the Plaintiff, BETH FALLON.

6.     A complete copy of any expert witness reports of non-medical expert witnesses that this Defendant intends to call as a witness at trial regarding the automobile accident referenced in Plaintiffs Complaint.

7.     If this Defendant contends that any person or entity other than this Defendant was at fault in whole or in part in causing or contributing to cause the subject incident or subject injuries, please produce all materials and documents in support of that.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing has been furnished via- E-Filing Nicolas E. Ferreiro, Esq. and Jacob R. McManamon, Esq., of Fitzsimmons, Hewitt, Stranzl & Spaid, PA, 4488 West Boy Scout Blvd., Ste. 200, Tampa, Florida 33607, nicolas@fhsslegal.com and jacob@fhsslegal.com AND Kenneth E. Amos, JR, Esq., and William Gula, Esq., of Vernis & Bowling of St. Petersburg, PA 696 1st Avenue, North, First Floor, St. Petersburg, Florida 33701 STPFFiling@Florida-Law.com, and stpfilingWG@Florida-law.com on this 18TH of September, 2024  .

//ss//**Dena Sisk Foman**//ss//
Dena Sisk Foman, Esquire
FBN:  518417
McLaughlin & Stern, PLLC
525 Okeechobee Blvd., Suite 1700
West Palm Beach, Fl  33401
T:  561 659 4020
F:  561 659 5399
Email:  Dfoman@mclaughlinstern.com;
        Tvoorhees@mclaughlinstern.com

IN THE CIRCUIT COURT OF THE 12th
JUDICIAL CIRCUIT, IN AND FOR
MANATEE COUNTY, FLORIDA

CASE NO:  2024 CA 1390

BETH FALLON
                Plaintiff,
vs.

JAMES REEDY, SUSAN REEDY AND
AMICA MUTUAL INSURANCE COMPANY


        Defendants.

_____/

### PLAINTIFF'S NOTICE OF SERVING RESPONSES TO AMICA MUTUAL INSURANCE COMPANY'S REQUEST FOR PRODUCTION

Plaintiff, by and through her undersigned attorneys, and pursuant to Florida Rule of Civil Procedure, responds to Defendant AMICA MUTUAL INSURANCE COMPANY'S Request for Production dated September 12, 2024, as follows:

1. Medical bills and medical records including, but not limited to, those prepared by any and all medical providers for medical treatment provided in relation to the incident described in Plaintiff's Complaint

   **Response:**    **See attached**


2. Any and all evidence required to prove past and future medical treatment or services expenses which are claimed as damages in this action by Plaintiff, as required by Fla. Stat. 768.0427.

   **Response:**    **See medical records**


3. Letters of Protections that Plaintiff or Plaintiff's representatives have executed concerning medical treatment sought in relation to the incident described in Plaintiff's Complaint.

   **Response:**    **None**

4. Medical reports, opinions, or other written memoranda from any and all medical providers or expert witnesses in relation to the incident described in Plaintiff's Complaint.

   **Response:       See medical records**

5. Photographs depicting any personal injury, property damage, or other damages alleged by the Plaintiff in relation to the incident described in Plaintiff's Complaint.

   **Response:       See attached photographs and video of the accident.**

6. Property damage estimates, appraisals, invoices, and other similar documents evidencing any and all property damage related to the incident described in the Plaintiff's Complaint.

   **Response:       N/A**

7. Written or recorded statements taken from Defendants in relation to the incident described in Plaintiff's Complaint.

   **Response:       None**

8. Written or recorded statements taken from any other parties or non-parties in relation to the incident described in Plaintiff's Complaint, including the names and addresses of any person from whom Plaintiff or Plaintiff's representatives have obtained such a written or recorded statement and the dates obtained.

   **Response:       None**

9. Photographs, graphs, charts, and other documentary evidence of the scene of the incident described in Plaintiff's Complaint and the parties involved in or pertaining to the incident described in Plaintiff's Complaint.

   **Response:       See photographs and video**

10. Any and all insurance policies providing benefits or coverage for any claimed injuries or damages related to the incident described in Plaintiff's Complaint.

    **Response:       See attached insurance policies**

11. Written statements including, but not limited to, opinions, memoranda, and reports which Plaintiff experts to introduce into evidence at the trial of this action.

   **Response:     Undetermined at this time**

12. Written statements including, but not limited to, opinions, memoranda, and reports of any and all witnesses and expert witnesses which Plaintiff expects to introduce into evidence or utilize at the trial of this action.

   **Response:     Undetermined at this time**

13. Any and other documents, transcripts, photographs, recordings and similar documents, as defined and permitted by the Florida Rules of Civil Procedure, which have not been specifically requested but which are relevant to the subject matter of this suit and not otherwise privileged.

   **Response:     None**

14. Police reports, if applicable, related to the incident described in Plaintiff's Complaint.

   **Response:     See attached**

15. All tax returns and W-2s, including attachments thereto, for the past five (5) years (IRS Form 4506 attached hereto; please complete and return to the Defendants)

   **Response:     Objection to relevance as Ms. Fallon is not making a lost wage claim.**

16. A copy of the front and back of Plaintiff's Driver's License.

   **Response:     See attached**

17. Copies of the front and back of any private or public health insurance identifications cards (Medicaid and Medicare Authorizations attached hereto; please complete and return to Defendants.)

   **Response:     See attached**

18. Police Reports or Incident Reports prepared in relation to any prior incidents including but not limited to, motor vehicle accidents or work-related incidents; in which the Plaintiff was involved within the last ten (10) years.

   **Response:** **None**

19. All other written documents, transcripts, photographs, recordings, and similar documents containing information related to Plaintiff's prior incidents including but not limited to, motor vehicle accidents or work-related incidents.

   **Response:** **None**

20. Claim or Incident Reports that Plaintiff has filed within the last ten (10) years.

   **Response:** **None**

21. All documentation which supports Plaintiff's wage loss claim, if applicable.

   **Response:** **None**

22. Medical reports, opinions, or other written memoranda prepared by any and all medical providers for medical treatment provided within the last five (5) years.

   **Response:** **None in my possession**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished via- E-Filing Nicolas E. Ferreiro, Esq. and Jacob R. McManamon, Esq., of Fitzsimmons, Hewitt, Stranzl & Spaid, PA, 4488 West Boy Scout Blvd., Ste. 200, Tampa, Florida 33607, nicolas@fhsslegal.com and jacob@fhsslegal.com AND Kenneth E. Amos, JR, Esq., and William Gula, Esq., of Vernis & Bowling of St. Petersburg, PA 696 1st Avenue, North, First Floor, St. Petersburg, Florida 33701 STPFFiling@Florida-Law.com, and stpfilingWG@Florida-law.com on this 24th of September, 2024

**//SS//Dena Sisk Foman//SS//**
Dena Sisk Foman, Esq.,
FBN: 518417
Attorney for Plaintiff
Mclaughlin & Stern, PLLC
525 Okeechobee Blvd, Ste1700

West Palm Beach, FL 33401
Phone (561) 659–4020
FAX (561) 659–4438
Dfoman@mclaughlinstern.com
Tvoorhees@mclaughlinstern.com

IN THE CIRCUIT COURT OF THE 12th
JUDICIAL CIRCUIT, IN AND FOR
MANATEE COUNTY, FLORIDA

CASE NO: 2024 CA 1390

BETH FALLON,

     Plaintiff,

vs.

JAMES REEDY, SUSAN REEDY AND
AMICA MUTUAL INSURANCE COMPANY

   Defendants.

_____/

### PLAINTIFF'S NOTICE OF SERVING RESPONSES TO JAMES REEDY AND SUSAN REEDY'S REQUEST FOR PRODUCTION

    Plaintiff, by and through her undersigned attorneys, and pursuant to Florida Rule of Civil Procedure, responds to Defendants JAMES REEDY and SUSAN REEDY'S Request for Production dated September 17TH , 2024, as follows:

1. Copies of Federal Income Tax Returns, W-2 withholding tax statements, and any and all other business records and/or income records, and any other evidence of income for the five years prior to the subject accident or occurrence together with evidence of any other income to date.

    **Response:**   **Objection to relevance as Ms. Fallon is not making a lost wage claim**

2. Any and all medical or related bills, paid or owing, allegedly resulting from the accident or occurrence.

    **Response:**   **See attached**

3. Any and all medical records, hospital records, chiropractic records, osteopathic records, faith healer's records, X-Ray reports, MRI Scan reports, CT Scan report, nurses notes, physical therapy records, or any other non-privileged medical information in Plaintiff's possession, including copies of any radiographic materials such as X-ray films, CT films, MRI films etc that you have seen for the injuries you allege to have sustained in this accident.

**Response:** **See medical records above**

4. Please furnish any and all medical reports, doctors' reports or reports rendered by experts applicable to any and all issues in this case, for which the Plaintiff intends to use the author of said report as an expert witness at trial.

   **Response:** **See medical records above**

5. Please furnish copies of any written or recorded statements that the Plaintiff, her agents or employees have taken or have in their possession, taken from the Defendant or any witness to this action other than the Plaintiff, concerning this action or its subject matter or stenographic, mechanical, electrical, or other recording or transcription of a statement that is a substantial verbatim recital or an oral statement. Please furnish the name of the witness or party to whom the statement came from, the date taken, and the means of recording or preserving same.

   **Response:** **None in my possession**

6. Any and all written and/or recorded statements taken from the Defendant in this cause, concerning this action or its subject matter or a stenographic, mechanical, electrical, or other recording or transcription of a statement that is a substantial verbatim recital or an oral statement.

   **Response:** **None**

7. Please furnish copies of any and all photographs, graphs charts, and other documentary evidence of the scene, parties, or vehicles if applicable, involved in or pertaining to the subject accident or occurrence or issues in this cause, which the Plaintiff intends to use at the trial of this action.

   **Response:** **See attached**

8. A copy of any and all insurance policies providing benefits or coverage to the Plaintiff for any claimed injury or damage from the subject accident or occurrence.

   **Response:** **See Health Insurance Card and PIP payout sheets**

9. Copies of all written materials concerning any settlement by Plaintiff(s) with any other person or entity who may have been liable for the damages claimed by the Plaintiff(s), together with all "Mary Carter" or other similar agreements.

**Response:** **None**

10. Copies of all other medical and/or disability insurance policies, including all booklets concerning any group policies, which provide or may provide medical or disability payments to Plaintiff(s) regarding damages alleged to have been incurred as a result of the subject accident, together with the relevant declarations or face sheet reflecting available coverage and deductibles.

   **Response:** **See attached copy of health insurance card and PIP payout sheets**

11. Copies of any applications for insurance, including health, disability, casualty, automobile, hospital, business interruption or umbrella liability policies. Plaintiff may comply by providing a list of each and every insurance policy applied for, the name of the agent who took the application if applicable, whether the policy was issued, the effective dates of the policy and a list of any claims submitted under the policies. This request is limited to five-year period subsequent to the date of loss.

   **Response:** **None in my possession**

12. Please provide medical records from any and all medical providers which the claimant has seen in the last ten years including hospital emergency rooms and walk-in clinics.

   **Response:** **None in my possession**

13.  Please provide copies of the labels on the medicine container for all medications, whether prescription or not, which the claimant is now taking on a regular basis.

   **Response:** **See attached**

14. {Please provide paycheck stubs for all employers of the claimant whether as a regular employee or independent contractor for the last ten years.

   **Response:** **Not claiming lost wages**

15. Records of all income received since the accident whether on the job or not, which was not declared on the Plaintiff's Income Tax Return.

   **Response:** **None**

16. Please provide all records and/or documentation for any and all prior injuries or accidents, whether on the job or not.

   **Response:** **None**

17. Please provide all records and/or documentation for any and all subsequent injuries or accidents, whether on the job or not.

   **Response:** **None**

18. A recent photograph of the Plaintiff depicting any injuries.

   **Response**: **See attached**

19. Any and all x-rays taken of Plaintiff as a result of the subject incident.

   **Response:** **None**

20. A copy of any incident report filed by Plaintiff.

   **Response:** **None**

21. A copy of the Plaintiff's driver's license (front and back)

   **Response:** **See attached**

22. Please produce all documents pursuant to any litigation you are involved in, or were involved in within the last five (5) years.

   **Response:** **None**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been furnished via- E-Filing Nicolas E. Ferreiro, Esq. and Jacob R. McManamon, Esq., of Fitzsimmons, Hewitt, Stranzl & Spaid, PA, 4488 West Boy Scout Blvd., Ste. 200, Tampa, Florida 33607, nicolas@fhsslegal.com and jacob@fhsslegal.com AND Kenneth E. Amos, JR, Esq., and William Gula, Esq., of Vernis & Bowling of St. Petersburg, PA 696 1st Avenue, North, First Floor, St. Petersburg, Florida 33701 STPFFiling@Florida-Law.com, and stpfilingWG@Florida-law.com on this 24th of September, 2024

**//SS//Dena Sisk Foman//SS//**
Dena Sisk Foman, Esq.,
FBN: 518417
Attorney for Plaintiff
Mclaughlin & Stern, PLLC
525 Okeechobee Blvd, Ste1700
West Palm Beach, FL 33401
Phone (561) 659–4020
FAX (561) 659–4438
Dfoman@mclaughlinstern.com
Tvoorhees@mclaughlinstern.com

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR MANATEE COUNTY, FLORIDA
CIVIL DIVISION

BETH FALLON,

        **Plaintiff,**

vs.                              **CASE NO.: 2024-CA-001390**

JAMES REEDY, SUSAN REEDY,
and AMICA MUTUAL INSURANCE
COMPANY,

        **Defendants.**

_____/

## DEFENDANT'S, AMICA MUTUAL INSURANCE COMPANY, NOTICE OF REMOVAL OF ACTION FROM STATE COURT

    **COMES NOW** the Defendant, AMICA MUTUAL INSURANCE COMPANY, (hereinafter "Removing Defendant"), by and through undersigned counsel, and hereby gives notice that Removing Defendant has prepared and is filing a Notice of Removal of this action to the United States District Court for the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. §1332.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been filed online using the Florida E-Filing Portal as mandated by Fla. R. J. Admin 2.516(b)(1) with copies being furnished to **Dena Sisk Foman, Esq., MᴄLᴀᴜɢʜʟɪɴ & Sᴛᴇʀɴ, PLLC** ([dfoman@mclaughlinstern.com](mailto:dfoman@mclaughlinstern.com); [tvoorhees@mclaughlinstern.com](mailto:tvoorhees@mclaughlinstern.com)), and **Kenneth E. Amos, Jr. Esq., William C. Gula, Esq., and Erin K. Grossman, Esq., Vᴇʀɴɪs & Bᴏᴡʟɪɴɢ ᴏғ Sᴛ. Pᴇᴛᴇʀsʙᴜʀɢ, P.A.**, ([STPFiling@Florida-Law.com](mailto:STPFiling@Florida-Law.com)), this 24th day of September, 2024.

**FITZSIMMONS, HEWITT, STRANZL & SPAID, P.A.**

*/s/ Nicolas E. Ferreiro, Esq.*

**NICOLAS E. FERREIRO, ESQ. (FBN: 1017986)**
**JACOB R. MCMANAMON, ESQ. (FBN: 1039268)**
4488 West Boy Scout Boulevard, Suite 200
Tampa, FL 33607
Telephone: (813) 221-0200
Fax: (813) 736-5435
Primary Service Email: [nicolas@fhsslegal.com](mailto:nicolas@fhsslegal.com)
Secondary Service Emails: [jacob@fhsslegal.com](mailto:jacob@fhsslegal.com); [camille@fhsslegal.com](mailto:camille@fhsslegal.com)
*Attorneys for Defendant, Amica Mutual Insurance Company*